**John J. BOSWELL, Plaintiff-Appellant,**

v.

**STATE HIGHWAY COMMISSION OF MISSOURI, Defendant-Respondent.**

Nos. 12569, 12570.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 17, 1982.

*v. State Highway Commission,* 641 S.W.2d 480 (Mo.App.1982). Boswell's first point has no merit.

David E. Wilhite, Donnelly, Baldwin & Wilhite, Lebanon, for plaintiff-appellant.

Bruce A. Ring, Curtis F. Thompson, Missouri State Highway and Trans. Com'n of Missouri, Jefferson City, for defendant-respondent.

FLANIGAN, Presiding Judge.

These two consolidated appeals are from judgments of the Circuit Court of Laclede County affirming orders of the State Highway Commission of Missouri, which required appellant Boswell to remove certain outdoor advertising signs which were found to be violative of the Missouri Billboards Act. § 226.500–§ 226.600.[1] Boswell advances the same "points relied on" in both appeals.

Boswell's first point is that the commission's order requiring removal of certain signs and the trial court's judgment affirming that order are erroneous because the signs "are directional signs advertising tourist oriented businesses and should not be removed at all by virtue of the provisions of § 226.520(5)." The same contention was advanced and rejected by this court in *Superior Outdoor Advertising Co.*

Boswell's second point is that the respective rulings of the commission and the trial court are erroneous because the signs "are directional signs advertising tourist oriented businesses and, under the provisions of § 226.580, subd. 5, should not be removed while non-tourist oriented signs remain standing."

At the hearing before the hearing examiner of the commission, Boswell and the commission stipulated that "non-tourist oriented signs remain in existence along the highways of Missouri, including the highway involved in this proceeding, and have not been removed." The parties agree that Boswell's signs advertise tourist oriented type businesses.

Sec. 226.580 deals generally with the procedure for removal of unlawful signs. Sec. 226.580, subd. 5, reads: "5. Any signs advertising tourist oriented type business will be the last to be removed." Boswell argues that even if his signs are unlawful, their removal is not permitted "until all non-conforming, non-tourist oriented signs are removed."

In response the commission advances these arguments: Sec. 226.580, subd. 5, became effective on March 30, 1972, and applies only to signs erected prior to that date; Boswell's signs were erected after March 1972; to uphold Boswell's contention would render the Missouri Billboards Act ineffective in controlling the erection of unlawful signs after March 30, 1972, so long as those unlawful signs advertised a tourist oriented type business; such an interpretation would violate federal law, 23 U.S.C. 131(d), and federal regulations, 23 C.F.R. 750.704.

Further, the commission argues, § 226.-150 directs the commission to comply with the provisions of any act of congress providing for the distribution of federal funds appropriated by congress for highway con-

---

**1.** All references to statutes are to RSMo 1978,      V.A.M.S.

struction, and to comply with any of the rules or conditions made by the federal government acting under the provisions of a federal law in order to secure to the state of Missouri funds allotted to Missouri by the U.S. Government for highway construction. The commission points out that § 226.530 requires the commission to "promulgate only those rules and regulations of minimal necessity and consistent with customary use to secure to this state any federal aid contingent upon compliance with federal laws, rules and regulations relating to outdoor advertising." Sec. 23 U.S.C. 131(1) provides for the withholding of federal funds from states that the Secretary of Transportation determines to be in non-compliance with the federal outdoor advertising law by not providing effective control of outdoor advertising. "Therefore," argues the commission, "if the court were to adopt Boswell's position, it would force the commission to violate both state and federal law which would ultimately result in the cut-off of federal funds."

It is at least arguable that the stipulation, entered into between Boswell and the commission, is not sufficiently specific to demonstrate that § 226.580, subd. 5, has been infringed. A mere showing that non-tourist oriented signs exist "along" the highways of Missouri, including the highway involved in this proceeding, falls short of a showing that such signs themselves are violative of the Missouri Billboards Act. Even if the stipulation is construed as referring to non-tourist oriented signs which are violative of the Missouri Billboards Act, the record does not show whether the commission has instituted removal proceedings with respect to them. If such proceedings have been instituted and remain pending in an action for review, § 226.580, subd. 4, postpones the authority of the commission to remove the unlawful signs until the action for review "is finally adjudicated" in

favor of the commission. The stipulation makes no mention of the existence or non-existence of that possible situation. This court, however, in rejecting Boswell's second point, does not do so on that narrow basis, one which might be in conflict with the intent, as distinguished from the language, of the stipulation.

Neither Boswell nor the commission cites any authority construing § 226.580, subd. 5.[2] In *Taney County v. Empire District Electric Co.,* 309 S.W.2d 610 (Mo.1958), the court dealt with a statute governing procedure for appeals to the state tax commission for the review of assessments. The statute provided that at the review hearing the commission or its member or agent "shall then and there hear and determine" the proper assessment. In that case the hearing before the commission was held on October 26. The commission did not make its assessment until November 9.

The supreme court held that it was unnecessary to determine whether the statute did or did not require a decision at the time and place of the hearing because, said the court, "Even if it is assumed that such was required by the statute, we think the provision is directory only and hence we conclude that an order entered after the date of the hearing would not be invalid."

The court stated: "As a rule a statute prescribing the time within which public officers are required to perform an official act regarding the rights and duties of others, and enacted with a view to the proper, orderly, and prompt conduct of business, is directory unless it denies the exercise of the power after such time, or the phraseology of the statute, or the nature of the act to be performed, and the consequences of doing or failing to do it at such time are such that the designation of time must be considered a limitation on the power of the officer. When the legislature prescribes the time when an official act is to be performed, the

**2.** Sec. 226.580, subd. 5, was discussed by Manford, J., in his dissenting opinion in *Drury Development Corporation v. State Hwy. Com'n,* 637 S.W.2d 354, 356 (Mo.App.1982). In that case the majority opinion held that the authority of the commission to order removal of un-

lawful signs was not conditioned upon implementation of an informational sign program for the traveling public on the right-of-way, although such implementation, the sign owner argued, was required by § 226.535.

broad legislative purpose is to be considered in deciding whether the time prescribed is directory or mandatory. If the statute is mandatory there must be strict conformity, but if directory the legislative intention is to be complied with as nearly as practicable."

In holding the statute there to be directory only, the court pointed out that the statute prescribed no consequences for the failure of the commission to enter orders on the date of the hearing.

The language of § 226.580, subd. 5, is general in nature and this court construes it to be a statement of general legislative policy, directory only, rather than a specific limitation upon the authority of the commission in the processing of sign removals. Indeed the statute does not speak in terms of time but in terms of sequence. As the commission points out, in § 226.530, and in other statutes,[3] the legislature has demonstrated its interest in securing to Missouri federal funds contingent upon compliance with federal law relating to outdoor advertising.[4]

This court agrees with the commission that the legislative intent would be thwarted if Boswell's construction of § 226.580, subd. 5, is adopted. This state contains hundreds of miles of highways governed by the Missouri Billboards Act. If the mere existence of a single unlawful sign of the "non-tourist oriented type" served to block all removal proceedings, at their various stages, directed to unlawful signs of the "tourist oriented type," the commission's authority with respect to the latter would be hampered if not destroyed. Boswell's second point has no merit.

■ Boswell's third point is that the respective rulings of the commission and the trial court are erroneous because the signs (except for the one involved in Hearing No. 78–08–396) fall within the language "items of native arts and crafts, woodworking in

native products" contained in § 226.520(6) and are not subject to removal. Section 226.520(6) reads: "(6) The provisions of this section shall not be construed to require removal of signs advertising churches or items of religious significance, items of native arts and crafts, woodworking in native products, or native items of artistic, historical, geologic significance, or hospitals or airports." Boswell cites no case construing § 226.520(6). The commission concedes, at least tacitly, that Boswell's signs, which advertise walnut bowls, fall within that portion of § 226.520(6) on which Boswell relies.

A sufficient answer to Boswell's third point is that his signs, according to the findings of the commission (and affirmed by the trial court), were violative of § 226.-540. That fact rendered them unlawful and subject to removal. See § 226.580(1). Boswell has not attacked those findings.

It is unnecessary to determine the meaning or operational effect of § 226.520(6) other than to point out that, at most, it is a guide to the construction of "this section," i.e. § 226.520. It has no effect upon signs whose unlawfulness and removability stem from a violation of § 226.540. Boswell's third point has no merit.

The judgments are affirmed.

GREENE, C.J., and TITUS, and PREWITT, JJ., concur.

---

**3.** See, for example, §§ 226.520(1), (5); 226.527, subd. 2; 226.535; 226.540(7).

**4.** For an example of a state losing such funds by reason of its non-compliance with 23 U.S.C.

131, the Highway Beautification Act, see *State of S.D. v. Goldschmidt,* 635 F.2d 698 (8th Cir. 1980).