**BOYCE INDUSTRIES, INC., d/b/a Missouri Neon and Plastic Advertising Company, a corporation, Appellant,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Respondent.**

**No. WD 36136.**

Missouri Court of Appeals,
Western District.

June 11, 1985.

John S. Pletz, Jefferson City (Bartlett, Venters, Pletz & Toppins, Jefferson City, of counsel), for appellant.

Bruce A. Ring, Chief Counsel, Dennis J. Redel, Asst. Counsel, Jefferson City, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

PRITCHARD, Presiding Judge.

This case was presented to the trial court and is presented to this court on a stipulation of facts: Plaintiff is the owner of an outdoor advertising structure, a sign, adjacent to Route I–44, in Pulaski County, 3 miles east of its junction with Route 17, on the north side of the highway. The sign was erected prior to January 1, 1968, and measured 8 feet by 24 feet, or 192 square feet. [The sign was thus a pre-existing sign which did not conform with the billboard law, § 226.500, et seq., after March 30, 1972.] Defendant issued permits for the (nonconforming) sign on May 5, 1972, 1974, 1976, 1978 and 1980.

In March, 1981, the facing of the sign was blown off by a storm, and plaintiff thereafter replaced its panels with new ones causing the sign to measure 10 feet by 24 feet, or 240 square feet.

On October 8, 1981, defendant mailed a notice to plaintiff that the sign had lost its nonconforming status, and must be removed by its owner (without compensation) because its size had been changed as prohibited by defendant's regulation 7 CSR 10–5.060(3)(C): ["The size or area of a sign shall not be increased or decreased after the date the sign becomes a nonconforming sign."] It was further stipulated that plaintiff's officer, Jack Wilson, would testify that after it received the removal notice, it checked its records and determined that it had replaced the damaged panels with those which were larger in the aggregate. This occurred because the large majority of its signs measure 10 × 24 feet, while only three measure 8 × 24 feet. After the storm, its crew brought back to its shop all damaged panels from various signs, and subsequently and inadvertently replaced the panels with the standard size and number used for most of plaintiff's signs.

Within 30 days after defendant notified plaintiff to remove the sign because of the change in size, it removed a strip 2 feet wide from its bottom, causing its size to be reduced to the prior size, 8 × 24 feet, and notified defendant of the correction in the sign facing, but defendant refused and declined to rescind its notice to terminate nonconforming sign.

The Billboard Law, § 226.500, et seq., has as its source the Federal Highway Administration rules, the purpose of which is to assure that there is effective State control of outdoor advertising in areas adjacent to Interstate and Federal-Aid primary highways, and "Nothing in this subpart shall be construed to prevent a State from establishing more stringent outdoor advertising control requirements along Interstate and Primary Systems then provided herein." 23 C.F.R. § 750.701. As to maintenance and continuation of nonconforming signs, 23 C.F.R. § 750.707(d)(5) states: "The sign must remain substantially the same as it was on the effective date of the State law or regulations. Reasonable repair and maintenance of the sign, including a change of advertising message, is not a change which would terminate nonconforming rights. Each State shall develop its own criteria to determine when customary maintenance ceases and a substantial change has occurred which would terminate nonconforming rights."

Pursuant to the foregoing federal authority, and § 226.530, RSMo 1978, respondent adopted rules 7 CSR 10–6.060, et seq., relating to nonconforming signs. Rule 7 CSR 10–6.060(3) provides the criteria for maintenance of nonconforming signs: "Reasonable maintenance and repair of nonconforming signs is permissible. However, violation of any one or more of the following subsections (A) to (E) of this section (3) disqualifies any sign from being maintained as a nonconforming sign and subjects it to removal by the State Highway Commission without the payment of just compensation. When a sign is maintained in violation of any one or more of subsections (A) to (E) the district engineer

shall issue a notice to terminate nonconforming sign to the signowner and the owner of the real property on which the sign is located." Subsection (C) provides: "Size. The size or area of a sign shall not be increased or decreased after the date the sign becomes a nonconforming sign." On the basis of the latter subsection, defendant's district engineer issued notice (mailed 10/8/81) to terminate nonconforming sign, stating, "The size of the sign has been changed as prohibited by 7 CSR 10–6.-060(3)(C)."

Although there exists a technical violation of defendant's rules with respect to replacing the sign with one larger in size, its cited cases do not cover the situation where the increase in size was due to inadvertence or mistake, and which was immediately corrected to the previous nonconforming use upon discovery of the error. *Boyce Industries v. Mo. Hy. and Transp. Com'n*, 670 S.W.2d 147 (Mo.App.1984), involved a change in wood supporting poles with steel poles, a violation of change in type of materials in violation of 7 CSR 10–6.060(3)(B). The variation in materials *was not* corrected, but Boyce insisted that the rule was invalid because it exceeded those "minimally necessary" to be in compliance with federal laws and applicable rules, an issue held against Boyce. *State, etc. v. State Highway Commission*, 624 S.W.2d 453 (Mo.App.1981), involved seven signs all ordered to be removed, which was affirmed by this court. Three signs, found to have been erected after March 30, 1972, were also found to be illegal as violating space requirements, and thus were not subject to the owner's remedial action so as to qualify for licensure as structures lawfully in existence. One sign was found to be, on the facts, not in lawful existence as of March 30, 1972, so thus did not qualify as a preexisting nonconforming use. A fourth sign was also found to have been erected after March 30, 1972, and was found to be unlawful, and subject to removal. A fifth sign was also found to be new construction, not lawful because it was located within 660 feet of the highway, and the order of removal was therefore affirmed. A sixth sign, changed from the original nonconforming use in size of 10 × 40 feet to a new size, 14 × 48 feet in 1977, was found to be new construction, held to be an infraction of the Commission criteria for maintenance of nonconforming signs (which was not attempted to be corrected). The seventh sign was erected after March 30, 1972, in violation of space restrictions— within 500 feet of a previously erected legal sign. In *State ex rel. Nat. Adv. v. State Hwy. Com'n.*, 612 S.W.2d 51 (Mo. App.1981), the signowner made five additional attachments of advertising to an existent nonconforming sign, and was notified to remove them within 30 days to remedy the illegality, which was not done within that time, but requested administrative review of the directives to remove the attachments and obtain a permit. No application for permit was made, but the attachments were removed before hearing and within some 90 days after notice. The court affirmed the commission's decision on those facts (obligation to obtain a permit). In *Superior Outdoor Advertising v. State Hwy.*, 641 S.W.2d 480, 485[7] (Mo. App.1982), there was a decrease in the size of a nonconforming sign, held, along with violation of location requirements, to subject it to removal. There was no evidence, apparently, in Superior, of efforts to correct the unauthorized change in size. None of the foregoing representative cases have any fact of correction of an inadvertent error in replacement of a sign as to size.

Plaintiff urges this court to declare 7 CSR 10–6.060(3) to be invalid. This court declines to do so because it may have application to cases such as those representative ones cited above in the future. Under the facts and circumstances of this case, however, this court concludes that the *application* of 7 CSR 10–6.060(3) to those facts by the commission is unreasonable, arbitrary and capricious. Section 536.140(6) RSMo 1978. Since the sign in question was immediately corrected upon plaintiff receiving notice that its size was enlarged, and within a short time (some seven months) after it

was replaced, defendant's entitlement to federal highway funds on any ground of violation of the "minimal necessity" rule should not be jeopardized.

The judgment is reversed and the case is remanded with directions that a judgment be entered directing defendant to rescind its notice to remove the sign, and for an injunction against its removal by defendant.

All concur.