**HEADRICK OUTDOOR, INC.,**
**Respondent,**

v.

**MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION,**
**Appellant.**

**No. WD 41433.**

Missouri Court of Appeals, Western District.

May 23, 1989.

Jane A. Smith, Asst. Counsel, Mo. Highway & Transp. Com'n, Jefferson City, for appellant.

Alex Bartlett, Jefferson City, for respondent.

Before BERREY, P.J., MANFORD and NUGENT, JJ.

BERREY, Presiding Judge.

Appellant, Missouri Highway and Transportation Commission (Commission) appeals the judgment of the circuit court set-

ting aside an order that an advertising sign belonging to respondent Headrick Outdoor, Inc. (Headrick), be removed. Specifically, appellant contends that the circuit court erred in setting aside the final order of the Commission and in directing the Commission to withdraw its notice to terminate because: (1) there was substantial evidence to support the finding that the increase in the size of the sign was not inadvertent; (2) the proper remedy, as a matter of law was the removal of the entire sign; (3) there was substantial evidence supporting the finding that the increase in the size of the sign was substantial; and (4) as a matter of law the question of whether the attachment was temporary or permanent is immaterial.

The outdoor advertising structure that is the subject matter of this hearing is located eleven miles east of Sullivan in Franklin County, Missouri, adjacent to Interstate 44 on the north side of the highway. The sign is located within 660 feet of the right-of-way of Interstate 44. It was erected before January 1, 1968, the date when the control provisions of the first Highway Beautification Law became effective in Missouri. Permit No. 880 was thereafter issued by the Commission in respect to the sign.

In the spring of 1984 a panel measuring approximately two feet by three feet was attached to the lower right hand corner of the sign. This addition, a "price sign," was appended to the billboard by a customer of Osage Outdoor Advertising, the former owner of the sign, without the permission or knowledge, and in contravention of the policies of Osage Outdoor. Prior to September 1, 1988, the sign was owned by Osage Outdoor and on that date all of the rights of Osage Outdoor with respect to the sign were transferred to Headrick.

On May 7, 1984, the Commission issued a notice to terminate stating that the sign had lost its nonconforming status because "[t]he size of the sign has been changed as prohibited by 7 CSR 10–6.060(3)(c). Within thirty days after the mailing of the notice to terminate, the attachment was removed, returning the size of the sign to its original dimensions with a face measuring twelve by thirty feet.

Osage Outdoor requested an administrative review. The parties waived a hearing and stipulated to the facts involved. On December 11, 1987, the Commission entered its order directing that the sign be removed without compensation. Osage Outdoor filed a timely petition for judicial review in the circuit court of Cole County. On November 7, 1988, the circuit court set aside the Commission's order of December 11, 1987, and directed the Commission to withdraw its notice to terminate. From this action, Commission appeals.

Appellant first contends that the circuit court erred in setting aside its final order and directing it to withdraw its notice to terminate because there was substantial competent evidence supporting the Commission's finding that the increase in the size of the sign was not inadvert. On appeal, the review of the instant case is a review of the agency's findings and decision, not those of the circuit court. *Hulshof v. Missouri Highway and Transportation Commission*, 737 S.W.2d 726, 727 (Mo. banc 1987). The proper standard of review is a determination of whether the decision of the agency was supported by substantial and competent evidence. *Osage Outdoor Advertising, Inc. v. Missouri Highway and Transportation Commission*, 677 S.W.2d 389, 390 (Mo.App.1984).

Respondent's sign has the status of a "noncomforming sign" as defined in 7 CSR 10–6.015(14) and as governed by 7 CSR 10–6.060. The stated purpose of 7 CSR 10–6.060 is to establish and categorize criteria for the maintenance and removal of nonconforming signs under section 226.500, RSMo 1986 and section 226.600, RSMo 1986. This rule is consistent with the Federal rule, 23 CSR 750.707. Specifically, the 7 CSR 10–6.060(3)(c) states that "[t]he size or area of a sign shall not be increased or decreased after the date the sign becomes a nonconforming sign."

Appellant claims that *Hulshof v. Missouri Highway and Transportation Commission, supra,* 737 S.W.2d at 726 governs the case at bar. In *Hulshof* the size of the

nonconforming sign was almost doubled. *Id.* at 727–728. However, the court in *Hulshof,* distinguished the facts in the case before them from those in *Boyce Industries, Inc. v. Missouri Highway and Transportation Commission,* 693 S.W.2d 293 (Mo.App.1985).

*Boyce* involved a nonconforming sign which was damaged by a storm. When the panels of the sign were replaced, the size of the sign was increased. *Id.* at 294. Within thirty days after being notified of the change in size by the Commission, the owner of the sign restored the sign to its original size. *Id.* The court in *Boyce* found that the application of 7 CSR 10–6.-060(3) to the facts and circumstances presented to it was "unreasonable, arbitrary and capricious." *Id.* at 295. So it is also in the instant case.

Another recent case, *Roberts v. Missouri Highway and Transporation Commission,* 741 S.W.2d 815 (Mo.App.1987), sheds further light on the issues presented when a nonconforming sign's size is changed. The size of the sign in *Roberts* was originally ten feet by ten feet. The owner of the sign contacted a sign painter and requested that he add "Double, $16.00," "MasterCharge," and "VISA" to the wording on the sign. The painter without notifying the owner of the sign, painted the requested additions on two small boards and affixed them to the sign, increasing its size to ten feet by twelve feet. *Id.* at 816. Upon notification, the owner of the sign caused the offending boards to be removed. *Id.* at 817. The court in *Roberts* stated:

> The Commission seems to be asserting that if any aspect of an approved nonconforming advertising sign is altered, without the owner's knowledge or consent and the owner, as soon as he becomes aware of such deviation from proscribed regulations, orders removal of the offending material, the law requires re-

moval of the sign, to the obvious detriment and possible destruction of the sign owner's business. We decline to accept such assertion as the law.

*Id.* at 817.

*Roberts* also examines the federal rule, 23 CFR 750.707(d)(5) which provides that, "The sign must remain *substantially* the same as it was on the effective date of the State law or regulations." (Emphasis added). Applying the federal standard to Missouri, the court in *Roberts* stressed that common sense should be the guiding light by which the law is illuminated. *Id.* at 819. The court declared, "we know of no Missouri case ... which holds that when a technical rule violation, such as we have here, occurs, without the knowledge or consent of the owner and is promptly corrected by the owner upon notification, the drastic remedy of ordered removal is justified." *Id.* at 818. This is exactly what occurred in the instant case. The facts and circumstances surrounding the actions of those concerned with the sign in question quite clearly show that this case fits squarely within the reasoning in *Roberts.* In the instant case the attachment to the sign was appended thereon without the knowledge or consent of the then owner, Osage Outdoor. When Osage Outdoor was notified of the violation, the situation was promptly rectified. The sign face, without the attachment measured twelve feet by thirty feet (total area of three hundred and sixty square feet). The attachment measured approximately two feet by three feet (total area of six square feet). Thus the attachment increased the size of the sign by a whopping 1.6%.[1] Any violation was purely technical in nature and the Commission's attempts to remove the sign are grounded on a matter which can justifiably be termed *de minimis.* In fact, this case provides an excellent illustration of the phrase, *De Minimis Non Curat Lex*![2] Appellant's

---

1. In *Roberts* the sign increased from one hundred square feet to one hundred and twenty square feet or a total of 20%. *See Roberts v. Missouri Highway and Transportation Commission, supra,* 741 S.W.2d at 817. In *Boyce* the sign increased from one hundred ninety two square feet to two hundred and forty square feet

or a total of 25%. *See Boyce Industries, Inc. v. Missouri Highway and Transportation Commission, supra,* 693 S.W.2d at 294.

2. "The law does not care for, or take notice of, very small or trifling matters. The law does not

**740**

Point I is denied as the Commission's finding that the increase in the size of the sign was not inadvertent was not based upon substantial and competent evidence.

It follows, therefore, that appellant's Point II, that the proper remedy was removal of the entire sign and not just the attachment, must also be denied. The Commission's final order was not based upon substantial and competent evidence so the remedy that appellant asks for, removal of the sign, is denied.

Appellant's Point III also is denied because, as discussed *supra* in addressing Point I, the Commission's finding, that the increase in the size of the sign was substantial, was not based upon substantial and competent evidence.

The judicial time required to dispose of this case has not been *de minimis.* To pursue such a *de minimis* matter as here confronts us is to fly directly in the face of the caveat in *Roberts supra,* 741 S.W.2d at 819, "Law should reflect common sense."

Finally, appellant's Point IV, as to the temporary character of the attachment is also denied because the Commission's final order was not based upon substantial and competent evidence.

Accordingly, the circuit court judgment setting aside the order of the Commission that respondent's sign be removed and directing that the notice to terminate be withdrawn is affirmed.

All concur.

concern itself about trifles." Black's Law Dictionary 388 (5th ed. 1979).