STATE, ex rel., NATIONAL ADVERTIS-
ING COMPANY, Respondent,

v.

MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION,
Appellant.

No. WD 43279.

Missouri Court of Appeals,
Western District.

Nov. 20, 1990.

As Modified Dec. 27, 1990.

Motion for Rehearing and/or Transfer
to Supreme Court Denied Jan. 2, 1991.

Application to Transfer Denied
Feb. 7, 1991.

Kim Renee Reid, Jefferson City, for appellant.

Stephen George Newman, Jefferson City, for respondent.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

The State Highway and Transportation Commission of the State of Missouri (Commission) appeals the judgment of the trial court setting aside its order that respondent, National Advertising Company, (National) remove an outdoor advertising sign. The facts herein are not in dispute and were submitted to the Commission by stipulation.

The sign involved was lawfully erected on May 17, 1973, within 660 feet of the right-of-way of Interstate Highway 55 in St. Genevieve County, Missouri. At the time the sign was erected it was within 600 feet of a commercial activity, namely the I-55 Speedway. The I-55 Speedway ceased operation sometime prior to December, 1981. On or about December 22, 1981, the Commission informed National that the status of the sign had been changed to a nonconforming use due to the closing of the I-55 Speedway.

The sign in question is a V-shaped sign, with one side facing north and one side facing south. The portion facing north ad-

vertised a Shell Gasoline Station and the portion facing south advertised a Restaurant and Motel. It was stipulated between the parties that each face of the sign measured 10 feet high by 40 feet long.

Sometime between December 17, 1984 and June 4, 1985, an addition was added to the Shell side of the sign which read "Ice Cream Churn 28 Old Fashioned Flavors." The parties stipulated among other matters as follows: that the Commission did not know who attached the addition to the sign, but that National's evidence was that the owner of the Shell Service Station attached the addition, that National was not aware of the addition until on or about June 4, 1985, that National received no additional money or other consideration for the addition to the Shell side of the sign, and that National requested that the Shell Service Station remove the addition from the sign when National became aware of the addition.

The addition to the Shell side of the sign was 3 feet high by 35 feet long and it was raised from the top of the Shell sign by poles which extended above the Shell sign. After the addition to the Shell side of the sign, the sign appeared as represented by the following sketch copied from a photograph received in evidence.

SKETCH OF SIGN AFTER ADDITION

On June 14, 1985, the Commission issued a "Notice to Terminate Nonconforming Sign" to National alleging that on or after October 15, 1977, the size of the sign had been changed as prohibited by 7 CSR 10-6.-060(3)(C), thereby losing its nonconforming status. National received this notice on June 17, 1985, and on June 18, 1985, National removed the addition to the sign, billing the Shell Service Station owner for the cost of removal.

National requested administrative review of the Commission's decision that their sign had lost its nonconforming status. Upon review the Commission issued its order directing that the sign be removed. National then petitioned the Circuit Court for review and after hearing, the Circuit Court entered judgment reversing the Commission's order. The Commission then filed a timely notice of appeal to this court.

On appeal of the Commission's decision in this contested case, the court reviews the Commission's findings and decision, not the judgment of the trial court. *Hulshof v. Missouri Highway and Transportation Commission*, 737 S.W.2d 726, 727 (Mo. banc 1987). Judicial review of the decision by an administrative body is limited to determining whether the decision was supported by competent and substantial evidence on the whole record; whether the decision was arbitrary, capricious or unreasonable or whether the agency abused its discretion. *Overland Outdoor Advertising Company, Inc. v. Missouri State Highway Commission*, 616 S.W.2d 563, 566 (Mo.App.1981). The fact finding function rests with the administrative agency and if the evidence would warrant either of two opposed findings, an appellate court must uphold the factual determinations the agency has made. The weight of the evidence is therefore not in issue on judicial review of an administrative hearing decision. *Id.*

In its sole point on appeal, the Commission argues that the trial court erred by ruling that the findings of the Commission were arbitrary and capricious, amounted to an abuse of discretion, and were not supported by competent and substantial evi-

dence on the whole record. Respondent argues that there was no error in these findings and further, that there is no statutory authority which authorizes the Commission to order the removal of a nonconforming sign under the circumstances herein.

The "Highway Beautification Act of 1965" (23 U.S.C.A. § 131, et. seq.) was enacted requiring states to effectively regulate advertising structures within 660 feet of any interstate or primary highway right-of-way or be penalized 10 percent of their federal highway appropriation. In the same year, the Missouri Legislature enacted §§ 226.500 to 226.600[1] to meet Missouri's obligations under the federal act. Regulations to control these signs have also been adopted by the Federal Government as well as Missouri.

■ Under Missouri's Code of State Regulations, signs which are lawfully erected but fail to conform to the requirements of statutes enacted at a later date may be maintained as nonconforming signs, 7 CSR 10-6.015(14); 7 CSR 10-6.-060(3); 23 CFR 750.707(b), (1987). However, as provided in the Code of Federal Regulations, "[i]n order to maintain and continue a nonconforming sign, ... [t]he sign must remain substantially the same as it was on the effective date of the state law or regulations ... Each State shall develop its own criteria to determine when ... a substantial change has occurred which would terminate nonconforming rights." 23 CFR 750.707(d)(5). Pursuant to that directive Missouri has implemented 7 CSR 10-6.060(3), which provides in pertinent part:

violation of any ... of the following subsections ... disqualifies any sign from being maintained as a nonconforming sign and subjects it to removal by the ... Commission ...

(C) Size. The size or area of a sign shall not be increased or decreased after the date the sign becomes a nonconforming sign.

1. All statutory references are to RSMO 1986.

Respondent argues that there is no statutory authority for the adoption of 7 CSR 10–6.060(3)(C) and therefore it is invalid. However, in *Osage Outdoor Advertising, Inc. v. State Highway Commission of Missouri*, 687 S.W.2d 566, 568 (Mo.App.1984), the Court held that "the regulations, required by federal law to obtain federal funding, are authorized by § 226.530 and are enforceable as law if the regulations are of minimum necessity."

Minimum necessity was addressed in *Boyce Industries, Inc. v. Missouri Highway and Transportation Commission*, 670 S.W.2d 147, (Mo.App.1984) (*Boyce I*). In Boyce I the court held that 7 CSR 10–6.-060(3)(B), which directs termination of a nonconforming sign when the type of materials used in construction of the sign are changed after the date the sign becomes a nonconforming sign, was of minimal necessity finding that any less rigorous regulation was unlikely to satisfy federal regulations. *Id.* at 150.

Additionally, the Missouri Supreme Court has held "that compliance with the provisions of 7 CSR 10–6.060(3)(C) is demanded by federal law and is crucial to federal highway funding in Missouri." *Hulshof v. Missouri Highway and Transportation Commission*, 737 S.W.2d 726, 728 (Mo. banc 1987). The Missouri Supreme Court has also held that § 226.150 directs the Commission to comply with the regulations of the federal government to secure federal funding for highway construction. *Id.*

In light of the foregoing authority, 7 CSR 10–6.060(3)(C) is a valid regulation adopted pursuant to the authority of §§ 226.150 and 226.530 as well as 23 U.S.C. § 131(b) (1982).

■ The validity of 7 CSR 10–6.060(3)(C) being established, the dispute herein centers on the effect of the addition to the sign in the case at bar. It is not disputed that National lawfully maintained a nonconforming sign prior to the time that the addition was appended.

Recent Missouri cases have discussed circumstances warranting exception to the provisions of 7 CSR 10–6.060(3)(C). In *Boyce Industries, Inc. v. Missouri Highway and Transportation Commission*, 693 S.W.2d 293 (Mo.App.1985), (*Boyce II*), the court held that when a repair crew inadvertently replaced panels on a storm damaged sign and the owner immediately corrected the problem upon notice, that the Commission's order directing that the sign be removed was arbitrary and capricious.

In *Hulshof v. Missouri Highway and Transportation Commission*, 737 S.W.2d 726 (Mo. banc 1987), Hulshof was the owner of a nonconforming sign. Hulshof leased the sign to a party who increased the size of the sign from 128 square feet to 240 square feet. The Commission ordered that the sign be removed and the Missouri Supreme Court affirmed. The Court noted that the sign had been almost doubled in size, that Hulshof failed to correct the violation upon notice, and that the enlargement was not inadvertent because it was the result of the deliberate choice of the lessee rather than a mistake by a repair crew as in *Boyce II*. The Court held that *Boyce II* "must not be construed as authority for the proposition that sign owners may avoid the consequences of violating billboard regulations by claiming ignorance of the infraction, nor is it to be considered controlling except within the 'facts and circumstances of [that] case.'" *Id.* at 728.

In *Roberts v. Missouri Highway and Transportation Commission*, 741 S.W.2d 815 (Mo.App.1987), the court held that the Commission could not order removal of a sign when a painter had mistakenly added a panel to the sign without the knowledge and consent of the owner and the owner promptly corrected the mistake upon notification.

In *Headrick Outdoor, Inc. v. Missouri Highway and Transportation Commission*, 770 S.W.2d 737 (Mo.App.1989), the court held that an attachment to a nonconforming sign that was only an increase in the size of the sign by 1.6%, done "without the knowledge or consent of the ... owner" by a customer of the owner, and promptly rectified by the owner upon notice, was insignificant or de minimis and

not sufficient to allow the Commission to order removal of the sign.

The criteria distilled from these cases for determining when remedial action is available for an otherwise technical violation of 7 CSR 10-6.060(3)(C) is as follows:

When the size of a sign that is lawfully maintained as a nonconforming sign is changed, the Commission is authorized to order removal of the sign in accordance with the provisions of 7 CSR 10-6.060(3)(C), unless (1) the owner of the sign takes prompt action to return the sign to its size prior to the change upon becoming aware of the change, and, in addition thereto, either (2) the change in size was occasioned by inadvertence or mistake, or (3) the change in size was an insignificant or de minimis change that was made without the owner's knowledge or consent. By way of clarification, as to the second of the criteria, it is noted that as held by the Missouri Supreme Court in *Hulshof v. Missouri Highway and Transportation Commission*, 737 S.W.2d at 728, a deliberate and intentional change to the size of a sign by the lessee of the owner does not render the change inadvert as to the owner.

Based upon the above stated criteria, unless the owner of the sign takes prompt action, upon becoming aware of a change in the size of a nonconforming sign, to return the sign to its size prior to the change, the owner is not entitled to any relief from the provisions of 7 CSR 10-6.-060(3). In the event the owner does take prompt action to return the sign to its size prior to the change upon becoming aware of the change, the owner is only then entitled to relief if the change in size was occasioned by inadvertence or mistake, or the change was an insignificant or de minimis change made without the owner's knowledge or consent.

In the case at bar, National returned the sign to its size before the change within two weeks of becoming aware of the change, but it cannot be said that the change was occasioned by inadvertence or mistake, or that it was an insignificant or de minimis change. The change was the result of the deliberate action of National's lessee and therefore, it cannot be considered to have been occasioned by inadvertence or mistake. *Hulshof v. Missouri Highway and Transportation Commission*, 737 S.W.2d at 728. Furthermore, the size of the change and the manner in which it was affixed to the sign were sufficient for the Commission to have determined the change to have been more than an insignificant or de minimis change.

In determining whether a change is significant, the Commission is entitled to consider not only the size of the change, but also the overall appearance of the sign before and after the change. In the case at bar, the change was by way of an addition to the north face of the sign. However, the back side of the addition, although it contained no additional advertising, was visible by traffic approaching from the south. Consequently, both sides of the addition created an additional visual obstruction to motorists. The 3 feet by 35 feet addition increased the north side of the sign by 26% of its original size and advertising print of the entire V shaped sign was increased by 13% of its original square footage as a result of the addition. Furthermore, the manner in which the addition was attached to the sign, by being extended over the top of the sign, gave further emphasis to the addition and overall size of the sign. The manner of attachment expanded the effect and appearance of the addition beyond the square footage of solely the additional advertising appended.

The findings of the Commission were not arbitrary and capricious, they did not amount to an abuse of discretion, and they were supported by competent and substantial evidence. It was error for the trial court to hold otherwise.

The judgment of the Circuit Court is reversed and the cause is remanded for entry of judgment affirming the order of the Commission.

All concur.