WILLIAMSBURG TRUCK PLAZA n/k/a
Stewart Enterprises, Inc., d/b/a Ray's
Car and Truck Plaza, Appellant,

v.

Wayne MURI, Chief Engineer of the
State Highway and Transportation
Department, Respondent.

No. WD 49024.

Missouri Court of Appeals,
Western District.

Aug. 30, 1994.

Jerry L. Suddarth, O'Fallon, for appellant.

Richard L. Tiemeyer, Marci L. Horton, Jefferson City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and SPINDEN, JJ.

FENNER, Chief Judge.

Appellant, Williamsburg Truck Plaza (Truck Plaza), appeals the judgment of the trial court affirming the decision of the Missouri Highway and Transportation Commission (the Commission), requiring the removal of two highway signs.

Truck Plaza advertises its business by means of two billboards adjacent to Interstate 70 in Callaway County, Missouri. In March of 1979, the respondent, State Highway and Transportation Department (the Department), served notice that the signs were in violation of the state statutes regulating outdoor advertising and directed that the signs be removed. Truck Plaza requested and was granted a hearing before the Commission. The Commission directed that the signs be removed and Truck Plaza appealed to the circuit court. The circuit court affirmed the decision of the Commission and Truck Plaza appeals to this court.

One of the signs involved herein was identified in the proceedings below as sign number 63–E–17 (hereinafter sign E), and the other as sign number 63–W–17 (hereinafter sign W). Notice on sign E was issued in March of 1979, alleging that the sign was erected after January 1, 1968, but before March 30, 1972, contrary to the location provisions of sections 226.520 and 226.540, RSMo1969. Notice on sign W was also issued in March of 1979, alleging that the sign was erected after January 1, 1968, but before March 30, 1972, contrary to the location provisions of sections 226.520 and 226.540, RSMo1969, and contrary to the sizing provisions of section 226.540(2), RSMo1969.[1]

## Standard of Review

On appeal we review the decision of the Commission and not that of the circuit court. *Hulshof v. Missouri Highway & Transportation Comm'n*, 737 S.W.2d 726, 727 (Mo. banc 1987). We view the evidence in the light most favorable to the agency decision. *Gamble v. Hoffman*, 732 S.W.2d 890, 892 (Mo. banc 1987). If the evidence supports either of two opposed conclusions, the agency decision prevails. *Id.*

## Appeal

◼ Truck Plaza argues on appeal that the Commission erred by upholding the removal of signs E and W because 1) the evidence in regard to the location of signs E and W was unreliable and further, the evidence in regard to the size of sign W was unreliable; 2) the decision in regard to signs E and W was based on inadmissible hearsay; 3) the notice in regard to both signs was defective for failing to state with specificity the grounds of the alleged violation and for not being served on the owner of the property; and 4) the decision in regard to both signs was based upon a misapplication of section 226.580.6, RSMo Supp.1993.[2]

1. There is no dispute but that RSMo1969 is the substantive statutory law effective herein.

2. Truck Plaza actually cites to section 226.580(5), RSMo, without reference to the date of codification, other than an incorrect cite under its point

### 1) Location—Sign E

The Commission determined that sign E was erected in May of 1971. Sign E would therefore be a pre-existing non-conforming sign entitled to a permit if it was in compliance with the location and other requirements of the statutes. § 226.550.2(2), RSMo1969.

The notice to remove sign E alleged that it was in violation of the location provisions of section 226.520, RSMo1969, which provide in pertinent part as follows:

On and after January 1, 1968, no outdoor advertising shall be erected or maintained within six hundred sixty feet of the nearest edge of the right-of-way and visible from the main traveled way of any highway which is part of the interstate or primary system in this state except the following

. . .

(4) Outdoor advertising located in areas which are zoned industrial, commercial or the like as provided in sections 226.500 to 226.600 or under the authority of law.

(5) Outdoor advertising located in unzoned commercial or industrial areas as defined and determined pursuant to sections 226.500 to 226.600.

Section 226.540 provides in pertinent part as follows:

Notwithstanding any other provisions of sections 226.500 to 226.600, outdoor advertising shall be permitted in areas zoned industrial, commercial or the like and in unzoned commercial and industrial areas as hereafter defined, subject to the following regulations which are consistent with customary use in this state:

(4) "Commercial and industrial areas" consistent with zoning principles and standards applicable in this State, include: all land zoned; all unzoned land within one thousand feet of any commercial or industrial activity other than outdoor advertising; all land lying within

relied on, to wit: "§ 226.580.5 (1992)." Nonetheless, it is clear that Truck Plaza references what is currently codified as section 226.580.6, RSMo Supp.1993.

one thousand feet of any two such unzoned areas; and all other unzoned lands appropriate for outdoor advertising which are determined to be unzoned commercial or industrial areas by any county court of this State.

The Commission held in its findings of fact and conclusions of law that sign E was erected in violation of the location provisions of section 226.520(5), RSMo1969, and section 226.540(4), RSMo1969. The Commission found that the sign was not maintained within one thousand feet of any commercial or industrial activity. Therefore, the sign was not a lawfully existing sign under section 226.550.2(2), RSMo1969, and was subject to removal without compensation. There is no dispute but that the sign otherwise qualifies.

Truck Plaza argues that there was no competent evidence to show that sign E was not located within 1000 feet of a commercial or industrial activity. Truck Plaza argues that the sign satisfies the location provisions because its evidence showed that it is located within 1000 feet of the property where Truck Plaza is situated.

At best, there was a conflict in the evidence in regard to the location of the sign. Ray Stewart identified himself as president of Stewart Enterprises, Inc., and testified that Stewart Enterprises operated Truck Plaza. Ray Stewart further testified that sign E was located within 1000 feet of the *property* owned by Truck Plaza. Nonetheless, Alan Honse, permit inspector for the Missouri State Highway and Transportation Department, testified repeatedly that the sign was not located within 1000 feet of a commercial activity. The testimony of Alan Honse was competent and substantial evidence upon which the Commission was entitled to rely.[3]

Truck Plaza's claim that the evidence in regard to location was insufficient is denied.

### 2) Location and Size—Sign W

In regard to sign W, there is no dispute but that it was erected after January 1, 1968, but before March 30, 1972. Rather, Truck Plaza argues that sign W was erected and maintained within 1000 feet of a commercial or industrial activity and does not exceed 1200 square feet in size which is the maximum size for signs located within six hundred feet of the right-of-way of an interstate highway as was the case with sign W.[4]

A sign is lawfully erected, under the location exception relevant here, only if at the time it was erected the sign was within 1000 feet of a commercial or industrial activity. *State ex rel. Whiteco Metrocom v. State Highway & Transportation Comm'n,* 689 S.W.2d 366, 367 (Mo.App.1985). Furthermore, the burden of showing that a sign was not unlawful when erected because it was within 1000 feet of a commercial or industrial activity is on the owner of the sign. *Id.*

In regard to location, Truck Plaza argues that the evidence established that when sign W was erected, the sign was within 1000 feet of Eissen Cabinet Company. Once again, Truck Plaza relies on the testimony of Ray Stewart.

Ray Stewart testified that sign W was erected prior to 1972 and that Eissen Cabinet Company had been at its location since at least 1972. This does not establish that Eissen Cabinet was at its location at the time the sign was erected. Under Ray Stewart's testimony it cannot be determined that the sign was erected after Eissen Cabinet established its location.

Since Truck Plaza failed to establish that sign W satisfied the location exception of section 226.540, RSMo1969, it is not necessary to address the size requirement. Nonetheless, evidence was introduced to show that when sign W was erected, it was 1600 square

---

3. There was no representation that the sign was within 1000 feet of any industrial activity. Furthermore, since there was competent and substantial evidence to show that the sign was not within 1000 feet of a commercial activity, it is not necessary for us to address the significance of any distinction between a property line and the actual physical site of a relevant activity.

4. Section 226.540(2)(a), RSMo1969, provides that the maximum area of a sign face for a sign located within six hundred sixty feet of the nearest edge of the right-of-way on interstate and primary systems is 1200 square feet.

feet, 400 square feet over the maximum size allowed.

Truck Plaza's arguments as to the location and size of sign W are denied.

### 3) Hearsay—Sign E

■ Truck Plaza argues next that the testimony of Alan Honse in regard to Exhibit 4, "Special Application for Permit to Maintain Outdoor Advertising Adjacent to a Primary or Interstate Highway," was inadmissible hearsay. Truck Plaza argues that Exhibit 4 was hearsay and was not properly qualified as an admissible record.

Exhibit 4 was an application submitted by the previous owner of sign E, Gasper's Interstate Plaza. Exhibit 4 established the date that sign E was constructed.

Section 536.070(10), RSMo1986, relates to the admissibility of written records in administrative proceedings. In pertinent part, section 536.070(10), RSMo1986, provides that written records are admissible in an administrative proceeding if it "shall appear that it was made in the regular course of any business, and that it was the regular course of such business to make such ... record at the time of such ... transaction ... or within a reasonable time thereafter."

The administrative law judge has discretion to determine from the totality of the circumstances whether the document meets the criteria of section 536.070(10), and the preparer or custodian of the document need not be present to establish a foundation. *State ex rel. Sure–Way Transportation, Inc. v. Division of Transportation*, 836 S.W.2d 23, 26 (Mo.App.1992). Section 536.070(10) further provides, "All other circumstances of the making of such ... record, including lack of personal knowledge by the entrant or maker, may be shown to affect the weight of such evidence, but such showing shall not affect its admissibility."

The record supports the admission of Exhibit 4. The Commission did not err by considering the information contained in Exhibit 4 and Alan Honse's testimony in regard to Exhibit 4 was not inadmissible hearsay.

### 4) Hearsay—Sign W

In regard to sign W, Alan Honse testified to information contained within Exhibit 9, "Special Application for Permit to Maintain Outdoor Advertising to a Primary or Interstate Highway." Once again, Exhibit 9 was a document previously submitted to the Highway Department by Gasper's Interstate Plaza, the previous owner of sign W. Truck Plaza's objection to Exhibit 9 is the same as its objection to Exhibit 4 discussed above. For the same reasons that we found Exhibit 4 admissible, we also find Exhibit 9 admissible.

Truck Plaza's argument of inadmissible hearsay in regard to sign W is denied.

### 5) Validity of Notice

■ Truck Plaza argues next that the notices to remove signs E and W were deficient because they failed to state specifically the grounds of the alleged violation, and because they were not served upon the owner of the property.

In regard to the charge of lack of specificity of the notice, Truck Plaza undertook to challenge the notice without any complaint of lack of specificity. Furthermore, Truck Plaza has not shown that it was prejudiced by any lack of specificity in the proceedings herein. Truck Plaza had full review without any confusion as to the alleged violations. Accordingly, a deficiency of specificity of notice, if any, was waived. *State ex rel. National Advertising Co. v. State Highway Comm'n*, 624 S.W.2d 453, 464 (Mo.App.1981).

■ In regard to service of notice, Truck Plaza complains in its point relied on that notice was not served on the owner of the property. However, in the argument portion of its brief, Truck Plaza complains that the notice was not served on the owner of the sign pursuant to section 226.580, RSMo Supp.1993.

Generally, the issue of defective service may be raised only by the one on whom the attempted service was made. *Superior Outdoor Advertising v. State Highway Comm'n*, 641 S.W.2d 480, 483 (Mo.App.1982). Truck Plaza does not purport to be the owner of the

property and therefore is without standing to challenge notice to the property owner.

Truck Plaza argues that the evidence shows that the sign was owned by Stewart Enterprises, Inc., and that Ray Stewart was president of Stewart Enterprises. Truck Plaza argues that notice was wrongly served on Bill Stewart, not Ray Stewart. The Commission determined that the notice was sufficient based on the requests for administrative review submitted by Truck Plaza which requests reflected that Bill Stewart was the owner of Truck Plaza and the signs. There was sufficient evidence to support the Commission's determination of ownership.

### Section 226.580.6

Finally, Truck Plaza argues that the Commission misinterpreted the language of section 226.580.6, RSMo Supp.1993. Although Truck Plaza's argument here is not clearly stated, it appears that it is complaining that the signs contained information to inform tourists of services offered and therefore the orders of removal were improper. Nonetheless, even if the signs in question were considered tourist related signs, Truck Plaza's argument fails.

Section 226.580.6, RSMo Supp.1993, provides that signs advertising tourist type business will be the last to be removed. The effect of this provision was addressed in *Boswell v. State Highway Comm'n*, 642 S.W.2d 406, 409 (Mo.App.1982), and was found to be directory only, rather than mandatory. Accordingly, the Highway Department is not *required* to strictly comply with the direction to remove tourist related signs last. As stated in *Boswell*, this would thwart the legislative intent of section 226.580, RSMo Supp. 1993. *Id.*

Judgment affirmed.

All concur.