MARTIN OIL COMPANY,
Plaintiff–Appellant,

v.

MISSOURI HIGHWAY AND TRANS-
PORTATION COMMISSION, De-
fendant–Respondent.

No. 22622.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 1999.

Juddson H. McPherson, Parrish, Jacobs & McPherson, Joplin, Mo., for Appellant.

Robert M. Hibbs, Senior Assistant Counsel, Rich Tiemeyer, Chief Counsel, for Respondent Missouri Highway & Transportation Commission.

JAMES K. PREWITT, Judge.

Plaintiff Martin Oil Company, the owner of an outdoor advertising sign, appeals the judgment of the trial court affirming the Commission's decision that its billboard violated 7 C.S.R. 10–6.060(3)(B), and therefore was subject to removal. The facts presented to the Commission and contained in its Findings follow.

Appellant owns and maintains an outdoor advertisement sign adjacent to Interstate 44 in Newton County, erected in 1966. The billboard is visible from the main traveled way and is located within 660 feet of I–44, part of the interstate highway system. Responding to a change in legislation, a special application for permit to maintain outdoor advertising was filed by Appellant June 27, 1972. The Missouri Highway and Transportation Department issued a permit for the sign as a legal nonconforming sign on September 26, 1972. The nonconforming status was due to failure to comply with location and spacing provisions.[1]

On September 4, 1992, the sign was a structure supported by four wooden poles, wooden bracing and a wooden face. Thereafter, the structure was replaced with three round steel poles upholding four vertical steel beams supporting the sign face. The Department issued a *Notice to Remove Outdoor Advertising* to the

---

1. Because the sign was erected before January 1, 1968, the date when the control provisions of the first Highway Beautification Law took effect in Missouri, it was permitted to remain as a legal nonconforming sign as long as no violations of 7 C.S.R. 10–6.060 occurred. *See Headrick Outdoor v. Mo. Highway & Transp. Comm'n*, 770 S.W.2d 737, 738 (Mo.App.1989), and 23 U.S.C. Sec. 131, et seq.

Appellant on September 26, 1994. The Department issued a subsequent *Notice to Remove Outdoor Advertising* regarding the sign on March 30, 1995, due merely to a change in forms. The Department also issued a *Notice to Terminate Nonconforming Sign* dated September 27, 1994, alleging the sign had lost its legal nonconforming status and must be removed because of the violation of the change of material as set forth in 7 C.S.R. 10–6.060(3)(B).

A hearing was held before the Commission's Hearing Examiner on July 24, 1996. The Commission concluded that on or before September 4, 1992, the sign was a lawfully nonconforming sign, but that sometime after that date, the material for the sign's poles and supports were changed from wood to steel, and that such change violated 7 C.S.R. 10–6.060(3)(B). The sign was therefore subject to removal without compensation by the Commission. The Commission concluded that the change in materials was substantial enough to be considered a new sign and not a continuation or repair of a nonconforming sign, and that as a new sign, it violated the spacing restrictions contained in Section 226.540(3)(a), RSMo 1994.

Additionally, the Commission rejected Appellant's argument that its sign was exempt from removal under Section 226.520(5), RSMo 1994, that authorizes the erection of signs for tourist-oriented businesses unless prohibited by federal law or regulations. The Commission found that the sign is prohibited by federal law and regulation, specifically 23 U.S.C. § 131, and 23 C.F.R. Part 750, citing *Superior Outdoor Adver. Co. v. State Highway Comm'n of Missouri*, 641 S.W.2d 480 (Mo. App.1982); and *Boswell v. State Highway Comm'n of Missouri*, 642 S.W.2d 406 (Mo. App.1982).

On October 6, 1997, Appellant filed a Petition for Review in the Circuit Court of Jasper County, stating in its Petition that the sign was not subject to removal because the sign advertised a tourist-oriented business. Thereafter, judgment was entered affirming the Commission's Order. Appellant filed a Notice of Appeal on October 23, 1998.

On appeal of the Commission's decision, this court reviews the Commission's findings and decision, not the judgment of the trial court. Judicial review of the decision by an administrative body is limited to determining (1) whether the decision was supported by competent and substantial evidence on the whole record; (2) whether the decision was arbitrary, capricious or unreasonable, or (3) whether the agency abused its discretion. The fact-finding function rests with the administrative agency, and if the facts would warrant either of two opposite findings, we will defer to the factual determinations made by the agency. *State ex rel. Nat'l Adver. Co., v. Mo. Highway & Transp. Comm'n*, 801 S.W.2d 421, 423 (Mo.App. 1990).

Under Missouri's Code of State Regulations, signs that are lawfully erected but fail to conform to the requirements of a statute enacted at a later date may be maintained as a nonconforming sign. 7 C.S.R. 10–6.015(18); 7 C.S.R. 10–6.060(3), 23 C.F.R. 750.707(b). Federal regulations require that to continue as a nonconforming sign, the sign must remain substantially the same as it was on the effective date of the state law or regulation. 23 C.F.R. 750.707(d). *National*, 801 S.W.2d at 423.

Pursuant to federal directive, Missouri has implemented 7 C.S.R. 10–6.060(3), which provides in pertinent part:

[V]iolation of any ... of the following subsections ... disqualifies any sign from being maintained as a nonconforming sign and subjects it to removal by the ... commission ...

(B) Type of Materials. The type of materials used in the construction of a sign shall not be changed after the date the sign becomes a nonconforming sign, except that a change of facing, panels, message or advertising does not constitute a change of type of materials. The

routine replacement of border and trim shall be permitted;

. . .

Point I

■ Appellant argues the Commission's decision was not supported by competent and substantial evidence because the evidence was that replacement of materials from wood to steel was an error committed by a maintenance crew of U.S. Outdoor Advertising without the consent or knowledge of Appellant or its lessee. "Contrary to the assertion of the Commission, there was no evidence presented at the hearing which established that the business advertised on the sign directed the change in the materials for the sign." Respondent argues that the evidence based upon the whole record supports the decision because the evidence established that the change in materials violated state regulation.

Leonard Busby, an employee of the maintenance crew of U.S. Outdoor Advertising who changed the sign, testified, in part:

Q. Are you familiar with the sign that is the subject of this hearing?

A. Yes, sir, I am.

Q. Can you tell me how you are familiar with that sign?

A. I'm familiar with the sign in that the billboard is advertising our Pilot, our Pilot Fuel Center, Wendy's restaurant located at I–44 and U.S. – I can't ——

Q. 43?

A. —43.

Q. Can you tell me if you do a lot of work for Pilot Corporation?

A. I do, yes, sir.

. . .

Q. Okay. Can you tell me the extent of your work, if any, on the sign that is the subject of this hearing?

A. Yes, sir. I had a crew mistakenly erect——take down four poles and erect three poles.

Q. You were not hired by my client, Martin Oil; is that correct?

A. No, sir, we were not.

Q. You were hired by?

A. Pilot Oil Corporation.

We understand this testimony to mean that the business advertised on the sign hired the crew to generally maintain and repair the sign. The crew then mistakenly took down the wooden poles and replaced them with steel poles. We also note that Busby also testified that he offered to return the sign to its original materials, but the correction was not made.

■ The legislation governing the criteria for maintenance of nonconforming signs does not require knowledge of any of the violations. A type of strict liability is imposed by the regulation: if any violation occurs, the sign is disqualified from being maintained as a nonconforming sign. 7 C.S.R. 10–6.060(3). One criterion is a change in the type of materials. 7 C.S.R. 10–6.060(3)(B). It was not disputed that the material supporting the sign in this appeal was changed.

■ In order to maintain and continue as a nonconforming sign, the sign must remain substantially the same as it was on the effective date of the state law or regulation. *Hulshof v. Mo. Highway & Transp. Comm'n,* 737 S.W.2d 726, 727 (Mo.banc 1987), *citing* 23 C.F.R. 750.707(d)5 (1987). Even if prompt action is taken to return the sign to its original status, the owner is only entitled to relief from the state regulations if the change was a result of inadvertence or mistake, and the change was insignificant. *See National,* 801 S.W.2d at 425. *See also Boyce Industries v. Mo. Highway & Transp. Comm'n,* 670 S.W.2d 147, 150 (Mo.App. 1984) (violations of limitations regarding changes prolonging the useful life of a nonconforming use have been found to destroy the nonconforming use status.)

Even though this court agrees with Appellant's assertion that "the record is void

of any testimony or evidence ... which supports [the Commission's] factual determination that the change was ordered by the business advertised on the sign," such erroneous finding, standing alone, does not lead us to conclude that the decision was arbitrary and capricious, nor not supported by substantial and competent evidence, nor was an abuse of discretion. The evidence upon the whole record was that the sign's materials were changed from wood to steel, and such change violated 7 CSR 10–6.060(3)(B).

Appellant relies primarily on two cases to support his argument that in a factual situation in which a billboard owner and/or lessee has not ordered a change, but a third party makes an unauthorized change, the Commission cannot force removal of the sign.

In *Headrick Outdoor, Inc. v. Mo. Highway & Transp., Comm'n,* 770 S.W.2d 737 (Mo.App.1989), the court held the Commission's order was not based on substantial evidence because a *de minimus* change in the billboard had been made and promptly corrected. *Id.* at 739–40. The change in the sign consisted of attachment of a 2' × 3' panel and a "price sign," and was made without permission or knowledge of the sign owner. The Commission alleged the sign had lost its nonconforming status and ordered it removed. *Id.* at 738. The Commission sent a notice to the owner to terminate the sign, and within 30 days of mailing the notice, the attachment was removed. *Id.*

*Headrick* can be distinguished on the facts. We emphasize that the change made to the sign in the instant appeal was not *de minimus.* A change from wooden poles, which presumably had been in place for a number of years and thus were weathered and decomposing, to be replaced by new steel poles gave the billboard a much longer life span. Extending the life span of a nonconforming structure is in contradiction to the purpose of allowing a nonconforming structure to remain in place. *See Boyce Industries,* 670 S.W.2d

at 150. Additionally, in *Headrick,* the problem was promptly corrected thereby restoring the sign to its original state. In the present appeal, no correction was made, even though it was offered. No testimony established when the offer was made. We can glean from the transcript that the offer was sometime between the date of the original Notice to Remove on September 26, 1994, and the Commission hearing on July 24, 1996. Because there is a twenty-two-month period between those dates, we cannot conclude that any offer to rectify the problem was promptly made. Even if the steel poles would have been replaced with wooden poles, we do not know if the original wooden poles would be used, which technically would be necessary to restore the sign to its original state.

The second case Appellant relies on is *Roberts v. Mo. Highway & Transp. Comm'n,* 741 S.W.2d 815 (Mo.App.1987). Again, the change to the sign was made by a sign painter's inadvertent addition of boards, which increased the size of the sign by twenty square feet. The boards were promptly removed after learning of the violation. *Id.* at 816. The court specifically noted that the problem was promptly corrected, and determined that the violation was merely a "technical violation." We can distinguish this case on the same basis we distinguished *Headrick,* specifically, that in the instant appeal the change was not minor (a technical violation) and has not been corrected.

*Roberts* followed the holding in *"Boyce II," Boyce Industries v. Mo. Highway & Transp. Comm'n,* 693 S.W.2d 293 (Mo. App.1985). In that case, the court also held that a technical violation increased the size of a sign, was then immediately corrected, and did not warrant termination of nonconforming status. The court concluded that under the facts and circumstances of the case before it, the application of 7 CSR 10–6.060(3) by the Commission was unreasonable, arbitrary and capricious. *Id.* at 295. *Boyce II,* therefore, cannot be used to support the

position that all violations made without knowledge of the owner should be forgiven. *See Hulshof,* 737 S.W.2d at 728.

Upon review of the record in this case and the applicable law, we conclude that the Commission's decision was supported by competent and substantial evidence, was not arbitrary or unreasonable, and did not constitute an abuse of discretion. Point I is denied.

*Point II*

 Appellant's second point relied on is that the billboard "must be returned to its original material and remain as a tourist oriented sign that is allowed by RSMo Sec. 226.520.5." Respondent counters by stating that the provisions of Section 226.520(5) are prohibited by 23 U.S.C § 131, and 23 C.F.R 740.704.

Section 226.520(5), RSMo 1994, purports to allow billboards which advertise a "tourist oriented business" to be exempt from orders of removal. That section, however, limits the exception to advertising "which [is] not prohibited by federal regulations," specifically 23 U.S.C. § 131. One of the regulations promulgated under 23 U.S.C. § 131 is found in 23 C.F.R. 750.704, and contains six categories of permitted signs. Signs not permitted under this federal regulation must be removed. Because the federal regulation does not permit "tourist oriented" billboards, such signs are prohibited by C.F.R. 750.704 and thus cannot qualify under the exception contained in Section 226.520(5). *See Superior Outdoor Advertising v. State Highway Comm'n of Missouri,* 641 S.W.2d 480, 486–487 (Mo. App.1982).

*Superior* was followed, without discussion, in *Boswell v. State Highway Comm'n of Missouri,* 642 S.W.2d 406, 407 (Mo.App. 1982). In *Boswell,* appellant argued that his signs should be allowed to remain because they advertised tourist-oriented business, and were protected by the provisions of Section 226.520(5). This court disagreed and promptly resolved the ques-

tion: because that issue had been resolved in *Superior,* the point had no merit. *Id.*

It is clear that Missouri courts have previously decided that the "tourist-oriented business" exception in Section 226.520(5), is invalid because it exceeds the scope allowed by federal regulation.

 The next argument put forth by Appellant is that the sign is permitted within the category of 23 C.F.R 750.704(a)(5), which allows certain signs in an unzoned commercial or industrial area. Appellant did not raise this argument before the Commission. At oral argument of this appeal, counsel for Appellant stated that this argument had been raised in the Commission hearing and referred this court to page 34 of the transcript. On that page, we do read a reference to 20 C.S.R. 750.704(A). Even assuming that counsel meant to refer to 23 C.F.R., the reference is insufficient to raise it to the level of allowing appellate review. The reference was made by Katharine Hickel, counsel for the Commission, and was merely a reference to a claim made in a previous case cited to the court. "Generally, administrative actions should not be set aside without an opportunity for the agency, on timely request by the complainant, to consider the issue, unless injustice might otherwise result." *Blevins Asphalt Constr. Co. v. Dir. of Revenue,* 938 S.W.2d 899, 902 (Mo. banc 1997). See also *Clark v. School Dist. of Kansas City,* 915 S.W.2d 766, 772–773 (Mo.App.1996) and *Mills v. Fed. Soldiers Home,* 549 S.W.2d 862, 868 (Mo.banc 1977) (because respondent was represented by counsel at the administrative agency hearing, was afforded opportunity to contest the notice, and received ample and timely notice, no injustice would result from applying the general rule).

In the instant case, Appellant did not question the service, was represented at the Commission hearing, had opportunity, and, in fact, did contest the notice to terminate the sign. It is this court's opinion that no injustice would result from denying appellate review on this issue.

We find substantial and competent evidence that the material of the sign was changed from wood to steel which resulted in the loss of legal non-conforming status, and that Section 226.520(5) must give way to federal regulation, and decline to review the issue not presented to the administrative agency.

The Order of the Commission is affirmed.

GARRISON, C.J., and BARNEY, J., concur.

**J.D.B., Appellant,**