# Raymond Morse, et al. v. Vermont Division of State Buildings

[388 A.2d 371]

No. 337-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Bruce M. Lawlor,* Law Offices of *Douglas Richards, P.C.,* Springfield, for Plaintiffs.

*Klevena & Rounds, P.C.,* Windsor, for Defendant.

Barney, C.J. This is a suit on behalf of the Town of Windsor and its zoning board against an executive agency of the State of Vermont. The issue is the authority of the municipality to impose its zoning requirements on that state agency. The

254

matter was heard on a petition for injunctive relief. Findings of fact were filed based on an agreed statement of facts, and the injunction hearing consolidated by agreement into disposition on the merits. The resulting judgment in favor of the Division of State Buildings is now here on appeal.

The dispute relates to a landscaping project and a sewer construction project in connection with the Residential Treatment Facility which is operated by the State of Vermont. The Buildings Division is responsible for the supervision of construction of improvements, repairs, alterations, and additions to this facility. Tersely put, the Buildings Division applied for a zoning permit with respect to the landscaping, but not with respect to the sewage disposal system. The defendant agency obtained a land use permit from the Agency of Environmental Conservation for the sewer project. In September, 1977, after obtaining that permit, work was started on both the landscaping and sewer projects. At that time the Town of Windsor had issued no permits for either project.

Matters came to a head at the end of September. The Buildings Division met with the Windsor selectmen to get permission to run a sewer line across a town highway. At about the same time Windsor served on the Buildings Division and the Department of Corrections a stop work order directing that all landscaping and sewer construction for which no permit had been obtained from the town cease. The landscaping work was halted, but the sewer construction continued.

In early October representatives of the Buildings Division met with the Windsor Planning Commission. Site plan approval was sought and obtained for the landscaping project. No application for a sewer permit was made, although information relating to the project was provided.

The site plan approval was forwarded to the Windsor zoning administrator. He took the position that no landscaping permit would issue unless a sewer construction permit was also sought and obtained by the Buildings Division from the town. The Buildings Division has refused to seek such a sewer permit and has continued work on the sewer project in spite of the stop work order. It is for this reason, with matters standing in this posture, that the Windsor authorities sought injunctive relief.

■ The seemingly inconsistent positions that the Buildings Division has taken on the landscape permit and the sewer permit have their source in the provisions of 24 V.S.A. § 4409 (a):

> (a) Unless reasonable provision is made for the location of any of the following in a bylaw adopted pursuant to subchapter 6 of this title, the following uses may only be regulated with respect to size, height, bulk, yards, courts, setbacks, density of buildings, off-street parking and loading facilities and landscaping or screening requirements:

> (1) Public utility power generating plants and transmission lines.

> (2) State or community owned and operated institutions and facilities.

> (3) Public and private schools and other educational institutions certified by the Vermont department of education.

> (4) Churches, convents, and parish houses.

> (5) Public and private hospitals.

This statute quite clearly subjected the Residential Treatment Facility to the landscaping standards of the Windsor zoning authority. The question before this Court is whether or not that zoning authority also extends to the sewer construction. If it does, clearly, the Buildings Division is required to follow its procedures. If it does not, equally clearly, the Zoning Administrator had no authority to condition the issuance of the permit for landscaping or the procuring of a sewer construction permit from the town.

■ The issue is sovereignty. As between the state and local units of government, the municipal bodies' power is derivative, based upon an allocation of authority from the state. Where conflict occurs, and no resolution is statutorily prescribed, the municipality must yield. *City of South Burlington* v. *Vermont Electric Power Co.*, 133 Vt. 438, 447, 344 A.2d 19 (1975); *University of Vermont & State Agricultural College* v. *City of Burlington*, 131 Vt. 70, 75, 300 A.2d 528 (1973).

Here there is a statute, 24 V.S.A. § 4409(a), previously quoted. It would seem significant that the title of this statute is "Limitations," clearly indicating its purpose to measure the reach of municipal authority. The grant of authority to municipalities to zone also defines the boundaries of its exercise, since the delegation depends upon the statutory grant. It might be said, therefore, that since sewer construction is not one of the uses the municipality is authorized to regulate with respect to a state operated institution, the appeal of Windsor must fail on that ground alone.

■ The plaintiffs have also argued, however, that there are significant policy reasons, as well as statutory inferences, to justify their claim that the town regulations should apply to their sovereign, the state. They point to the fact that their zoning regulations are, in fact, implementations of a strongly expressed legislative intent that sewage and waste water be properly disposed of. In support they cite *Kedroff* v. *Town of Springfield*, 127 Vt. 624, 256 A.2d 457 (1969). Properly read, however, the *Kedroff* case stands for the proposition already advanced that, unless some contrary statutory grant exists, the zoning authority of a municipality, however beneficially exercised, cannot obstruct the implementation of state purpose and authority. Restrictions on that sovereignty can be acknowledged only where they have had clear expression, such as in 24 V.S.A. § 4409.

*Judgment affirmed.*