STATE of Missouri ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, (formerly the State Highway Commission of Missouri), Plaintiff-Appellant,

v.

BANK OF ST. ANN, et al., Exceptions of Bernard W. Dugan, et al., Defendants-Respondents.

No. 44277.

Missouri Court of Appeals, Eastern District, Division Three.

March 9, 1982.

Bruce A. Ring, Chief Counsel, John W. Koenig, Jr., Asst. Counsel, Missouri Highway & Transp. Commission, Jefferson City, for plaintiff-appellant.

Robert C. Jones, Clayton, for defendants-respondents.

REINHARD, Presiding Judge.

This is an appeal by the State Highway Commission of Missouri (now Missouri Highway and Transportation Commission, and "Commission" hereinafter), from a condemnation proceeding in the Circuit Court of St. Louis County. The Commission filed suit on February 20, 1973, to acquire land owned by respondents Bernard and Rosemary Dugan. The Dugans leased part of this property to Eller Outdoor Advertising Company, also a party, for purposes of displaying a billboard sign to travelers on the adjacent interstate highway, I–70.

An order of condemnation was issued. Commissioners were appointed and awarded respondents $38,125. This sum was paid into the registry of the court on June 29, 1973. The Commission, as well as the Dugans, filed exceptions to the award, each requesting a jury trial. See, Section 523.-050 RSMo. 1978.

On the morning of trial, the Commission made a motion in limine, requesting any evidence of the sign's value be excluded. Exclusion was called for according to the Commission because the sign was unlawful under the Missouri Billboard Act, §§ 226.-500—226.600 RSMo. 1978. The Commission had not asserted the illegality of the sign in the condemnation petition, at the commissioners' hearing, nor prior to the day of trial

in this action. The trial court denied the Commission's motion. The cause was tried to the jury which returned a verdict of $41,350.

On appeal, the Commission contends the trial court erred in overruling its motion to exclude evidence of the sign's value. We affirm.

It was stipulated by the parties that the property was zoned "A" residential by the City of St. Ann, at all times in question. Further, the city issued to the Dugans a special use permit and a building permit authorizing erection of the sign on their property. The sign was erected on August 20, 1972.

The Billboard Act permits signs of the kind involved here only "in areas which are zoned industrial, commercial or the like as provided in sections 226.500 to 226.600 or *under other authority of law,*" when the sign is located within six hundred and sixty feet of an interstate highway. § 226.520.3 RSMo. 1978 (emphasis added). It is conceded the sign is within the proscribed limit.

■ Special use permits are issued by a municipality for a land use which a municipal legislative body has explicitly authorized by ordinance in a designated zone. *See, Erigan Co. Inc. v. Town of Grantwood Village,* No. 43657 (Mo.App.—E.D. February 22, 1982). The city acts administratively in passing on applications for special use permits under its ordinance. *State ex rel. Manchester Improvement Co. v. City of Winchester,* 400 S.W.2d 47, 48 (Mo.1966). A court will not disturb administrative action in zoning matters unless beyond a reasonable doubt, the action is an abuse of discretion or an excess of power, having no substantial relation to the evils to be remedied or to the public health, welfare or other proper object of the police power. *Kellog v. Joint Council of Women's Auxiliaries Assn.,* 265 S.W.2d 374, 377 (Mo.1954).

■ Without deciding whether an administrative decision of the City of St. Ann can

be attacked collaterally in a condemnation proceeding as here, we think it evident on the record before the trial court, there was *no* evidence that this special use permit was issued in excess of the city's jurisdiction or constituted an abuse of the city's discretion.[1] The trial judge had no evidence before him to conclude the special use permit had not been property authorized by the City of St. Ann.

The administrative act of the City of St. Ann is granting respondents a special use permit and building permit constituted "other authority of law" under § 226.520.3. This billboard therefore was not illegally erected within 660 feet of an interstate highway. The trial court did not err in overruling the Commission's motion.

Affirmed.

SNYDER and CRIST, JJ., concur.

---

1. The zoning ordinances of the City of St. Ann were not offered in evidence at any stage of the