SUPERIOR OUTDOOR ADVERTISING CO., a Missouri Corporation, Plaintiff-Appellant,

v.

STATE HIGHWAY COMMISSION OF MISSOURI, Defendant-Respondent.

SUPERIOR OUTDOOR ADVERTISING CO., a Missouri Corporation, and Pioneer Advertising Co., a Missouri Corporation, Plaintiffs-Appellants,

v.

STATE HIGHWAY COMMISSION OF MISSOURI, Defendants-Respondents.

SUPERIOR OUTDOOR ADVERTISING CO., a Missouri Corporation, Plaintiff-Appellant,

v.

STATE HIGHWAY COMMISSION OF MISSOURI, Defendant-Respondent.

Nos. 12419, 12420 and 12534.

Missouri Court of Appeals, Southern District, Division One.

Oct. 15, 1982.

**482**

John D. Compton, Jean Paul Bradshaw, II, Neale, Newman, Bradshaw & Freeman, Springfield, for plaintiff-appellant.

Bruce A. Ring, Dennis J. Redel, Missouri Highway and Transp. Com'n, Jefferson City, for defendant-respondent.

FLANIGAN, Presiding Judge.

These three consolidated appeals are from judgments of the circuit court affirming orders of the State Highway Commission of Missouri, (now the Missouri Highway and Transportation Commission), which required appellant Superior Outdoor Adver-

tising Company to remove certain outdoor advertising signs which were found to be violative of the Missouri Billboards Act (§ 226.500–§ 226.600).[1]

### Appeal No. 12419

Superior's first point is that the notice given by the commission to Superior with respect to the sign on land owned by one Lee was defective in that it failed to meet the requirements of § 226.580, par. 3, which reads, in pertinent part: "Such notice shall specify the basis for the alleged unlawfulness, *shall specify the remedial action which is required to correct the unlawfulness,* and shall advise that a failure to take the remedial action within 30 days will result in the sign being removed."

The challenged notice stated that the sign was unlawful because it was erected after March 30, 1972, in violation of the location provisions of the Billboards Act. Superior makes no challenge to the sufficiency of that portion of the notice. Superior's sole complaint is that the notice was defective in failing to "specify the remedial action which is required to correct the unlawfulness."

Where, as here, the unlawfulness is correctable only by removal, and the notice, as here, states that "removal of the sign is the only remedial action possible under § 226.-500 to § 226.600 RSMo," the notice satisfies § 226.580, par. 3. *State, Etc. v. State Highway Commission,* 624 S.W.2d 453, 464[17] (Mo.App.1981). See also *Independent Stave Co. v. State Hwy. Com'n, Etc.,* 625 S.W.2d 246, 247 (Mo.App.1981). The notice cannot be faulted for failure to specify alternative remedial action where such does not exist.

On the same ground Superior challenges the sufficiency of a notice with respect to the sign on land owned by one Hartzell. Superior makes no claim that the basis for alleged unlawfulness contained in either of the challenged notices was correctable by any action other than removal. Superior's first point has no merit.

---

1. All references to statutes are to RSMo 1978, V.A.M.S. and all references to rules are to Missouri Rules of Court, V.A.M.R.

Superior's second point is that the trial court erred in affirming the judgment of the commission because the commission acted "in excess of its statutory authority" in that "the notice given the property owner (Lee) in Hearing No. 78–08–404 did not meet the statutory requirement that said notice be sent to the owner when an unidentified third party signed the receipt."

"If a sign is deemed to be unlawful ...., (the) commission shall give notice either by certified mail or by personal service to the owner or occupant of the land ... and the owner of the outdoor advertising structure." § 226.580, par. 3. Superior was the owner of "the outdoor advertising structure."

Superior appeared at the administrative hearing before the commission and actively and fully contested the matter. During the course of that hearing, counsel for the commission introduced into evidence a card labeled "Return Receipt, Registered, Insured and Certified Mail" issued by the United States Postal Service. That receipt was described by the identifying witness as "a certified copy from Jimmy D. Lee, the property owner that they received the notice of removal." The receipt reflects that the notice was sent to Lee at his correct address. The receipt is signed by a third person who acknowledged receipt of the notice and described himself as the "authorized agent" of the addressee.

Lee did not appear at the hearing but Superior makes no claim that his absence therefrom hampered Superior's opportunity to litigate the issues pertaining to the lawfulness of the sign and the propriety of its removal. Superior's argument is that the commission did not offer any evidence to show that the person signing the receipt was in fact the authorized agent of Lee. This court holds that Superior has no standing to make that argument and accordingly refrains from exploring its merits.

In *State v. Wilson,* 332 S.W.2d 867, 871 (Mo.1960), a case dealing with the actions of a county board of equalization, the court said: "[A] tribunal of limited powers and jurisdiction ... has only such powers and jurisdiction as are committed to it by statute. It speaks only through its record. Its record must show its jurisdiction, otherwise its action or decision in exercising its statutory functions is void." This court holds that the instant record is sufficient to satisfy the rule in *Wilson.*

■ In the ordinary lawsuit the general rule is that the issue of defective service of process may be raised only by the one on whom the attempted service was made and one defendant, in the absence of prejudice to his own interests, is not entitled to urge defects in service on a co-defendant. *Morgner v. Huning,* 232 S.W. 88, 91[4] (Mo.1921); *British-American Portland Cement Co. v. Citizens' Gas Co.,* 255 Mo. 1, 164 S.W. 468, 472[1] (1913); 62 Am.Jur.2d Process § 158, p. 941; 72 C.J.S. Process § 106, p. 1151.

■ The commission has properly raised the issue of Superior's standing to attack the sufficiency of the proof of service of process upon the landowner. The issue of standing is one within the notice of this court even if the commission had not raised it. *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 227 (Mo.banc 1982).

Rule 84.13(b) precludes this court from reversing any judgment "unless it finds that error was committed by the trial court against the *appellant* materially affecting the merits of the action."

Superior cites no authority [2] for the proposition that its specific challenge to the adequacy of the proof of service of process on the landowner, if valid, served to deprive the commission of subject matter jurisdic-

---

2. Although not cited by the parties, one court has held that a citizens' association, which sought to challenge a board of zoning adjustment's grant of a special exception for construction of an office building, had standing to assert the board's total failure to notify other interested persons of the application despite

the association's actual notice of and participation in the hearing. *Dupont Circle, Etc. v. Dist. of Col., Etc.,* 403 A.2d 314 (D.C.App.1979). The facts in *Dupont* differ from those here and this court finds that case not to be persuasive on the instant facts.

tion. Cf. *City of New Haven v. Indiana Suburban Sewers, Inc.,* 277 N.E.2d 361, 362 (Ind.1972). Superior cites no authority for the proposition that the commission had the burden to show that the person who signed the receipt as the "authorized agent" of Lee was in fact Lee's authorized agent. Superior made no showing that the signer was not Lee's authorized agent.

This court holds that the commission had subject matter jurisdiction and personal jurisdiction over Superior and that Superior has no standing to challenge, on the basis advanced here, the sufficiency of the record to show personal jurisdiction over the landowner. Superior's second point has no merit.

■ Superior's third point is that the commission exceeded its authority in requiring removal of the sign involved in Hearing No. 75–08–363 because that sign "was for a tourist oriented business and, therefore, exempt under § 226.520(5) from the violation charged."

Sec. 226.520 reads, in pertinent part:

"On and after March 30, 1972, no outdoor advertising shall be erected or maintained within six hundred sixty feet of the nearest edge of the right-of-way and visible from the main traveled way of any highway which is a part of the interstate or primary system in this state except the following:

. . . . .

(5) Outdoor advertising for tourist oriented business, . . ."

"[T]he general rule of statutory construction [is] that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits, . . ." *Federal Trade Commission v. Morton Salt Co.,* 334 U.S. 37, 44–45, 68 S.Ct. 822, 827, 92 L.Ed. 1196 (1948). To similar effect see 2 Am.Jur.2d Admin.Law § 391, p. 198; 82 C.J.S. Statutes § 382, p. 893.

The only reference to the legend on the sign involved here is found in the direct testimony of Bill Hayter, a commission witness. Hayter was employed by the commission as a permit inspector. Hayter said,

"The last time I inspected it, the [advertisement on the] poster board had changed to Grandma's Attic." The record is devoid of other evidence concerning "Grandma's Attic." There is no showing that Grandma's Attic is a business or, if so, whether it is a "tourist oriented" business. The brief of Superior states that Grandma's Attic is a "well-known tourist shop in the lakes area," but the record contains no factual support for that statement.

The burden was on Superior to prove facts showing it was entitled to the exception contained in § 226.520(5) and Superior did not meet that burden. See also the discussion of Superior's third point in Appeal No. 12420, *infra.* Superior's third point has no merit.

■ Superior's fourth point is that the commission exceeded its authority in requiring removal of the sign involved in Hearing No. 78–08–404 for the reason that the sign was erected "pursuant to reasonable regulations of the local zoning authority and, therefore, is permitted by § 226.527."

The sign was erected by Superior in 1978 and its location violates the opening paragraph of § 226.520. The sign is located in Greene County. Under the county zoning regulations the land on which the sign is located is zoned for agricultural use. In August 1978 Superior obtained from Greene County a building permit to erect the sign.

Superior's position is that the sign does not violate county zoning regulations, that Greene County issued a permit for its erection and that those two facts constitute a defense to the commission's efforts to require removal and invalidate the order of removal.

Other than the Greene County zoning regulations, Superior cites, as the sole authority for its position, § 226.527, par. 4, which reads, in pertinent part:

"4. *In addition to any applicable regulations set forth in sections 226.500 through 226.600,* signs within an area subject to control by a local zoning authority and wherever located within such area shall be subject to reasonable regulations of that

local zoning authority relative to size, lighting, spacing, and location; . . ."

The italicized portion of the statute is at war with Superior's position. Although the statute permits the local zoning authority to enact reasonable regulations with respect to certain features of signs located within the area of the local zoning authority, those regulations are "in addition" to the regulations prescribed by the state and set forth in the Billboards Act. As a matter of sovereignty the county may not permit that which the state forbids. See, generally, 101A C.J.S. Zoning and Land Planning § 11, p. 56. See also 1 Yokley, 4th Ed., Zoning Law and Practice, § 3–12, p. 55.

In *Southeastern Displays, Inc. v. Ward*, 414 S.W.2d 573 (Ky.App.1967), the state highway department ordered the removal of a billboard sign. The owner of the sign, appealing from a judgment requiring removal, argued that the sign was located in the city of Louisville and that it was erected pursuant to a permit issued by the city. Rejecting this argument, the court pointed out that the city's power to zone is derived solely from express authority conferred on the city by the state legislature; that the power of an agency of the state, when authorized by the state legislature, was superior to that of a city; and that the state "Billboard Act" delegated to the highway department, an agency of the state, a right of control in the exercise of the state's police power which was superior to the right of the city to zone. To similar effect see *Morse v. Vermont Div. of State Bldgs.*, 136 Vt. 253, 388 A.2d 371, 372[1] (1978).

In the instant action the sign violation is one of statutory magnitude. The county had no power, in the absence of a delegation of such power from a higher authority, to authorize that violation.

Superior's fourth point has no merit.

Superior's fifth point is that the commission exceeded its authority in requiring removal of the sign involved in Hearing No. 78–08–404 and the sign involved in Hearing No. 75–08–363 because both signs "were erected in areas of commercial or industrial activities and, therefore, are permitted by § 226.540."

■ The first sign is located in Greene County which, the parties stipulated, "is a comprehensively zoned county." The uncontradicted evidence was that the sign was located in an area which was "zoned agricultural." Superior relies solely upon the opening paragraph of § 226.540 which reads, in pertinent part:

"Notwithstanding any other provisions of Sections 226.500 to 226.600, outdoor advertising shall be permitted within six hundred and sixty feet of the nearest edge of the right-of-way of any interstate or primary highway in areas zoned industrial, commercial or the like and in unzoned commercial and industrial areas as hereafter defined, subject to the following regulations which are consistent with customary use in this state. . . ."

The sign was located in an area "zoned agricultural." Accordingly it was not located in an area "zoned industrial, commercial or the like." It is also true that the area, being "zoned agricultural," was not an "unzoned commercial and industrial area." See § 226.540(4), containing a definition of the words "unzoned commercial and industrial land." A portion of that definition is: "That area not zoned by state or local law . . ." § 226.540(4) also reads, in pertinent part:

". . . Unzoned land shall not include:

(a) . . .

(b) Land zoned by a state or local law, regulation or ordinance."

Superior's fifth point, with respect to the first sign, has no merit.

■ The second sign, the parties agree, was a "non-conforming sign."[3] After March 2, 1973, and before October 15, 1977, Superior decreased the size of the sign. Under the regulations of the commission,

---

**3.** "Non-conforming signs are those signs erected in conformance with law as it existed at the time of erection which are not now in compliance because of a change in the law." *Nat. Advertising Co. v. State Highway Com'n*, 549 S.W.2d 536, 541 (Mo.App.1977).

then in effect, decreasing the size of the sign was a violation which resulted in the sign "being declared unlawful" and subject to removal without compensation to the sign owner. That violation of the commission's regulation, coupled with the fact that the sign violates the location requirements of § 226.520, subjected the sign to removal. Superior's fifth point, with respect to the second sign, has no merit.

Superior's appeal in Appeal No. 12419 has no merit and the judgment is affirmed.

### Appeal No. 12420

Superior's first point is identical to Superior's first point in Appeal No. 12419 and, for the same reasons, has no merit.

Superior's second point is similar to Superior's second point in Appeal No. 12419 except that Superior makes a somewhat different attack upon the sufficiency of the proof of service of process upon the landowner. Using postal service form 1510, the postmaster certified that the landowner received the notice, prescribed by § 226.580, par. 3, which was sent by certified mail to the landowner. For the reasons set forth in the discussion of Superior's second point in Appeal No. 12419, Superior's second point has no merit.

■ Superior's third point is that the commission exceeded its authority in requiring removal of the sign involved in Hearing No. 75–06–403 because that sign "was for a tourist oriented business and, therefore, exempt under § 226.520(5) from the violation charged."

The sign was erected after March 30, 1972, and it violates the location requirement of the opening paragraph of § 226.-520. Superior argues that the sign qualifies under the exception contained in § 226.-520(5). That exception reads, in pertinent part:

"(5) Outdoor advertising for tourist oriented businesses, and scoreboards used in sporting events or other electronic signs with changeable messages which are not prohibited by federal regulations or local zoning ordinances. Outdoor advertising which is authorized by this subdivision (5) shall only be allowed to the extent that such outdoor advertising is not prohibited by Title 23, United States Code, Section 131, as now or thereafter amended, and lawful regulations promulgated thereunder. . . ."

One of the regulations promulgated under Title 23 U.S.C. § 131 is found in 23 C.F.R. 750.704, set out below.[4] Superior makes no claim that the sign satisfies any

---

4. **§ 750.704 Statutory requirements.**

(a) 23 U.S.C. 131 provides that signs adjacent to the Interstate and Federal-aid Primary Systems which are visible from the main-traveled way and within 660 feet of the nearest edge of the right-of-way, and those additional signs beyond 660 feet outside of urban areas which are visible from the main-traveled way and erected with the purpose of their message being read from such main-traveled way, shall be limited to the following:

(1) Directional and official signs and notice which shall conform to national standards promulgated by the Secretary in Subpart B, Part 750, Chapter I, 23 CFR, National Standards for Directional and Official Signs;

(2) Signs advertising the sale or lease of property upon which they are located;

(3) Signs advertising activities conducted on the property on which they are located;

(4) Signs within 660 feet of the nearest edge of the right-of-way within areas adjacent to the Interstate and Federal-aid Primary Systems which are zoned industrial or commercial under the authority of state law;

(5) Signs within six hundred sixty feet of the nearest edge of the right-of-way within areas adjacent to the Interstate and Federal-aid Primary Systems which are unzoned commercial or industrial areas, which areas are determined by agreement between the State and the Secretary; and

(6) Signs lawfully in existence on October 22, 1965, which are determined to be landmark signs.

(b) 23 U.S.C. 131(d) provides that signs in § 750.704(a)(4) and (5) must comply with size, lighting, and spacing requirements, to be determined by agreement between the State and the Secretary.

(c) 23 U.S.C. 131 does not permit signs to be located within zoned or unzoned commercial or industrial areas beyond 660 feet of the right-of-way adjacent to the Interstate or Federal-aid Primary System, outside of urban areas.

(d) 23 U.S.C. 131 provides that signs not permitted under § 750.704 of this regulation must be removed by the State."

of the six categories enumerated in C.F.R. 750.704(a). Under C.F.R. 750.704(d) signs not permitted under C.F.R. 750.704 "must be removed by the State."

The sign is prohibited by C.F.R. 750.704 and thus the sign does not qualify under the exception contained in § 226.520(5). See also the discussion of Superior's third point in Appeal No. 12419, supra. Superior's third point has no merit.

■ Superior's fourth point is that the commission exceeded its authority in requiring removal of the sign involved in Hearing No. 76–08–378 for the reason that the notice given Superior "described a different sign than the one which was the subject of the hearing." The challenged notice gave this location of the sign: ".5 mile south from junction of Kearney St. and Rte. 65 in Greene County adjacent to State Highway 65." Superior argues that the actual location of the sign was 1.2 miles south of the intersection of Kearney Street and State Highway 65.

At the hearing before the commission a witness for the state testified that attached to the notice was a picture of the sign. Superior's witness Ray Hoffman, an executive of Superior, admitted that he received the picture which was attached to the notice and that he recognized the sign that was shown in the picture. Superior fully litigated the issue of whether the sign was subject to removal. This court holds that any inaccuracy, if such there was, in the description contained in the notice was not prejudicial. Superior was fully aware, prior to the hearing, of the identity of the sign which was the subject matter of the hearing. Superior's fourth point has no merit.

■ Superior's fifth point is that the commission exceeded its authority in requiring removal of the sign involved in Hearing No. 75–06–403, "in that the only evidence as to the time when the sign was erected was hearsay." The significant question was whether or not the sign was erected after March 30, 1972. The commission's evidence included a photograph taken May 3, 1972, which showed that the sign was not then in existence. A commission witness testified, without objection, that the sign was erected "after our inventory in May 1972." Superior's failure to object to the evidence on the ground of hearsay constituted a waiver of that objection. Superior's fifth point has no merit.

■ Superior's sixth point is that the commission exceeded its authority in requiring removal of the signs involved in Hearings No. 76–08–375 and No. 77–08–376 because there was no substantial evidence to support a finding that the signs were located "within 300 feet of an existing sign on the same side of the highway" in violation of § 226.540(3)(b)a.

In Hearing No. 76–08–375 a commission witness testified that "the exact distance" [between the challenged sign and an existing sign] was 225 feet and that he measured the distance. The foregoing testimony was received without objection. On cross-examination counsel for Superior attempted to show that the measurement was based in part upon the use by the witness of the odometer on his car. Although the witness testified that the odometer was calibrated, the cross-examination attempted to show that the calibration was unreliable. The cross-examination may have affected the weight of the measurement testimony but did not deprive it of its substantiality. The same situation is true with respect to the sign in Hearing No. 76–08–376 in which Superior's counsel simply renewed the same challenge to the measurement testimony which he had posed in Hearing No. 76–08–375. Superior's sixth point has no merit.

Superior's appeal in Appeal No. 12420 has no merit and the judgment is affirmed.

### Appeal No. 12534

Superior's first point is identical to Superior's first point in Appeal No. 12419 and, for the same reasons, has no merit.

Superior's second point is essentially similar to its fifth point (first sign) in Appeal No. 12419 and, for the same reasons, has no merit.

Superior's third point is identical to Superior's third point in Appeal No. 12420 and, for the same reasons, has no merit.

Superior's fourth point is similar to Superior's second point in Appeal No. 12419 except that Superior makes a slightly different attack upon the sufficiency of the service of process upon the landowner. Superior argues that the certified mail receipt, which purports to bear the signature of the landowner, was insufficient because there was no showing that the signature was in fact that of the landowner. For the reason set forth in the discussion of Superior's second point in Appeal No. 12419, Superior's fourth point has no merit.

Superior's appeal in Appeal No. 12534 has no merit and the judgment is affirmed.

GREENE, C.J., and TITUS and PREWITT, JJ., concur.