PER CURIAM.
The plaintiffs Robyn and Bette Kaufman appeal an interlocutory order denying a motion to quash substituted service of process on a third-party defendant Karen Moyer Singh. The defendant Metro Limo Fund, Inc. filed a third-party complaint against Karen Moyer Singh and sought to serve her by substituted service of process under Sections 48.161, 48.171, Florida Statutes (1985). The plaintiffs Robyn and Bette Kaufman filed a motion to quash this service in the trial court, which motion was denied below. The third-party defendant Karen Moyer Singh has made no appearance below or in this court.
Without expressing any views on whether the substituted service of process on Karen Moyer Singh was properly effected below under Sections 48.161, 48.171, Florida Statutes (1985), we nonetheless affirm the order under review upon a holding that the plaintiff herein had no standing to move to quash the substituted service of process in this case. Although a plaintiff in an action has standing to move to dismiss a third-party complaint filed in the case, see Fla.R.Civ.P. 1.180(a), he has no standing to move to quash service of process against the said third-party defendant; only the third-party defendant has standing to make such a motion. The third-party defendant herein has made no such motion below, and, indeed, has made no appearance whatever in this action. See Superior Outdoor Advertising Co. v. State Highway Comm’n of Missouri, 641 S.W.2d 480 (Mo.Ct.App. 1982); Hull v. D. Irvin Transp. Ltd., 690 P.2d 414, 417 (Mont. 1984); Kopit v. Zilberszmidt, 35 N.Y.S.2d 558 (Sup.Ct. 1942); 62 Am.Jur.2d Process § 158 (1972).
On the sole basis, then, of the plaintiffs’ lack of standing to object to the service of process herein, the order under review is
Affirmed.