**STATE ex rel. MISSOURI HIGHWAY AND TRANSPORTATION COMMISSION, Appellant,**

v.

**ALEXIAN BROTHERS OF ST. LOUIS, INC., d/b/a Alexian Brothers Hospital, Respondent.**

No. 75037.

Supreme Court of Missouri, En Banc.

Feb. 23, 1993.

Richard L. Tiemeyer, Chief Counsel, Thomas B. Gilliam, Jr., Sr. Asst. Counsel, Paul R. Ferber, Kirkwood, for appellant.

John S. Pletz, Jefferson City, for respondent.

ROBERTSON, Chief Justice.

In this case we determine whether Section 226.520, RSMo 1986, empowers the Missouri Highway and Transportation Commission ("MHTC") to order removal of a hospital sign erected under authority of a city zoning variance permitting erection of the sign in a residential area. The trial court held that MHTC was without authority to order removal. The court of appeals affirmed. We granted transfer to resolve the conflict between the eastern district's decision in *State ex rel. Missouri Highway and Transportation Commission v. Bank of St. Ann*, 631 S.W.2d 73 (Mo.App.1982), on the one hand, and the western district's decision in *Osage Outdoor Advertising, Inc. v. State Highway Commission of Missouri*, 687 S.W.2d 566 (Mo.App.1984), and the southern district's opinion in *Superior Outdoor Advertising v. State Highway Commission of Missouri*, 641 S.W.2d 480 (Mo.App.1982), on the other. We hold that Section 226.520 authorizes MHTC to order removal of this sign. The judgment of the trial court is reversed and the cause remanded for entry of judgment in favor of MHTC.

I.

In 1982, Alexian Brothers Hospital ("Alexian Brothers"), a not-for-profit corporation offering general hospital services to the public, decided to erect a sign as part of its marketing plan. Alexian Brothers purchased an "unkempt" vacant lot adjacent to Interstate 55 in an area of the City of St. Louis that had been zoned residential. The Board of Adjustment for the City of St. Louis granted a variance to its zoning ordinance and permitted the erection of Alexian Brothers' sign in the residential area.

On March 29, 1983, MHTC notified Alexian Brothers that its sign violated Sections 226.520 and 226.540(1) and ordered its removal. Alexian Brothers sought a hearing and MHTC heard evidence on January 4, 1984. The matter languished until August 14, 1987, when MHTC held Alexian Brothers must remove the sign. Alexian Brothers timely appealed to the Circuit Court of the City of St. Louis. Following a delay that lasted in excess of two years, the matter came to trial. The Court of Appeals, Eastern District, affirmed. MHTC then sought and was granted transfer to this Court.

II.

In response to the carrot of First Lady, Lady Bird Johnson's efforts to beautify the nation's highways and the stick of Congress' conditioning highway funds on the state's compliance with federal highway beautification laws, the General Assembly reluctantly adopted the Missouri Billboard Law in 1965. Sections 226.500–.600; *See* Section 226.501, RSMo 1986 (containing an otherwise inexplicable quotation of the Tenth Amendment to the United States Constitution).

Section 226.580.1(1), RSMo 1986, authorizes removal of signs "erected after March 30, 1972, contrary to the provisions of Sections 226.500 to 226.600." The question for resolution is whether Alexian Brothers' sign, which was erected after March 30, 1972, is contrary to the provisions of the billboard law and must be removed.

Alexian Brothers contends that its sign conforms to the law for four reasons: First, the variance granted Alexian Brothers by the board of adjustment constitutes

"other authority of law," within the meaning of Section 226.520(3); second, Section 226.520(6) expressly permits hospital advertising signs; third, Alexian Brothers' sign does not violate Section 226.540 in that the sign is not in a commercial or industrial area; and fourth, (a theory announced initially in oral argument) the eastern district's decision in *Bank of St. Ann* constitutes "other authority of law" within the meaning of Section 226.520(3). We turn now to consider these arguments.

### A.

■ Section 226.520(3) permits the erection of an outdoor advertising sign after March 30, 1972, "in areas which are zoned industrial, commercial or the like as provided in sections 226.500 to 226.600 or under other authority of law." Alexian Brothers argues that the phrase "under other authority of law" includes authority evidenced by a variance granted in accordance with municipal law. In support of its position, Alexian Brothers cite *Bank of St. Ann*, which concludes "[t]he administrative act of ... granting respondents a special use permit ... constituted 'other authority of law' under § 226.520.3." As in this case, the St. Ann special use permit authorized the erection of a sign in a residential area.

MHTC counters with *Osage Outdoor Advertising* and *Superior Outdoor Advertising*. Both cases held that the statutory phrase "other authority of law" does not permit local government to "permit that which the state forbids." *Superior Outdoor Advertising*, 641 S.W.2d at 485.

■ We construe statutes only where they are ambiguous. The disparate results in appellate cases is ample testimony to the ambiguity in Section 226.520(3). Where a statute is ambiguous, we construe that statute in a manner consistent with the legislature's intent, giving meaning to the words used within the broad context of the legislature's purpose in passing the law. Given these sure guidelines, the task is nevertheless made difficult when the legislature's language reflects obvious fidgeting under the federal thumb.

Section 226.520 purports to ban the erection or maintenance of outdoor advertising signs with 660 feet of the right-of-way of an interstate or primary highway. Subsection (3) provides an exception to this prohibition. It is worthwhile to recite subsection (3) within its context.

On and after March 30, 1972, no outdoor advertising shall be erected or maintained within six hundred sixty feet of the nearest edge of the right-of-way and visible from the main traveled way of any highway which is a part of the interstate or primary system in this state except the following:

\*　　\*　　\*　　\*　　\*　　\*

Outdoor advertising located in areas which are zoned industrial, commercial or the like as provided in sections 226.500 to 226.600 or under other authority of law;

Subsection (3) of the statute is most easily construed if its component phrases are considered individually. First, subsection (3) permits the erection or maintenance of signs "located in areas which are zoned industrial, commercial or the like." Thus, signs are permitted only in commercial or industrial areas. Section 226.540(5) defines "commercial or industrial activities" to mean those areas "which are generally recognized as commercial or industrial by zoning authorities in this state." Section 226.-540(5)(f) tells us that "the words 'zoned commercial or industrial area' shall refer to those areas zoned commercial or industrial by the duly constituted zoning authority of a municipality." In this light, the phrase "or the like" modifies "industrial, commercial" and recognizes that some other nomenclature is acceptable, e.g., manufacturing, provided the statutory purpose is met.

Next is the troublesome phrase, "as provided in sections 226.500 to 226.600 or under other authority of law." Read within the whole of the billboard law, the phrase means "as provided in sections 226.500 to 226.600 or as defined under municipal zoning law." Thus, Section 226.520(3) permits the erection or maintenance of an outdoor advertising sign if the municipal zoning law

permits activities generally regarded as commercial or industrial, even if the municipal nomenclature is different. Section 226.520(3) does not permit a municipality to authorize a sign in a residential area. To allow Alexian Brothers' sign to stand would be to allow a municipality to permit what state law expressly forbids. "As a matter of sovereignty the [city] . . . may not permit that which the state forbids." *Superior Outdoor Advertising Co.*, 641 S.W.2d at 485.

As must be obvious by now, we think *Bank of St. Ann* is erroneously decided. It is overruled. An erroneous decision of the court of appeals is not "other authority of law." For the same reason that municipal law cannot overrule state law, a mistaken appellate decision cannot authorize an act in derogation of the legislature's intent. Alexian Brothers' two "other authority of law" arguments are thus rejected.

### B.

██ Alexian Brothers next contends that Section 226.520(6) excepts its sign from removal. That subsection provides:

> The provisions of this section shall not be construed to require removal of signs advertising churches or items of religious significance, items of native arts and crafts, woodworking in native products, or native items of artistic, historical, geologic significance, or *hospitals* or *airports*.

[Emphasis added.]

Subsection (6) is ambiguous. Its ambiguity lies in the initial phrase "the provisions of this section shall not be construed to require removal." This phrase leads to ambiguity because Section 226.520 does not require the removal of any sign. Instead, Section 226.520 authorizes exceptions to the general prohibition against the erection and maintenance of new signs after March 30, 1972. Thus, the initial phrase of subsection (6) makes no sense when it refers to "this section," i.e., Section 226.520.

We think the key to understanding subsection (6) lies in the general prohibition of Section 226.520. "On or after March 30, 1972, no outdoor advertising sign shall be erected or maintained." This is consistent with Section 226.580.1(1), which subjects signs erected after March 30, 1972, to removal. In this broad context, subsection (6) must be read as a grandparenting clause, permitting the maintenance and protecting the placement of signs erected prior to March 30, 1972, that serve the specified public purposes listed in the statute. We so hold, confident that the General Assembly can correct this interpretation if it chooses to do so.

The point is denied.

### C.

Alexian Brothers' final statutory argument rests in Section 226.540. That section served as a basis for MHTC's order of removal. Alexian Brothers contends that Section 226.540 does not apply in the instant case because its sign is not within an area "zoned industrial, commercial or the like."

Alexian Brothers is quite right. Its victory, however, is pyrrhic. There was ample authority for MHTC's order under Section 226.580 to support the removal of the sign. The fact that Section 226.540 does not permit the removal of this sign does not trump MHTC's power under Section 226.580 to remove it.

### III.

Finally, Alexian Brothers contends that its sign is "indirectly authorized because of an unconstitutional distinction in federal law between 'bonus states' and 'non-bonus states,' in that 23 U.S.C. § 131(j) allows electronic signs providing public service information in 'bonus states' but not in 'non-bonus states.'" Alexian Brothers' argument urges that the distinction found in the federal law violates equal protection.

MHTC's order in this case is founded on Missouri law. While it is arguable that Missouri would not have passed a billboard law absent the threat of loss of federal highway financing, it remains true that Missouri could have passed such legislation without the federal "incentive." Our consideration of the issues in this case is thus

limited to the language of Missouri's law. We need not consider the validity of the federal law that motivated our General Assembly when our legislature's acts are not under direct attack and appear valid under the state's police power.

There was ample state authority for MHTC's order of removal, notwithstanding questions of the validity of related federal law to the contrary. The point is denied.

## IV.

*State ex rel. Missouri Highway and Transportation Commission v. Bank of St. Ann,* 631 S.W.2d 73 (Mo.App.1982), is overruled. The judgment of the circuit court is reversed and the cause remanded for entry of judgment in favor of MHTC.

All concur.