# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION

Docket No. 84-8-18 Vtec

---

## Town of Grand Isle v State of Vermont

---

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (84-8-18 Vtec)

Title:             Motion to Dismiss (Motion 1)

Filer:             Agency of Trans. State of Vermont

Attorney:      Toni Clithero

Filed Date:    September 24, 2018

Response in Opposition filed on 10/12/2018 by Attorney John H. Klesch for Plaintiff Town of Grand Isle

Response filed on 10/25/2018 by Attorney Toni Clithero for Defendant Agency of Trans. State of Vermont

**The motion is GRANTED.**

The Town of Grand Isle (Town) seeks an injunction requiring the State of Vermont (State) Agency of Transportation (VTrans) to either remove or submit a permit application for temporary structures erected by VTrans as part of a highway construction project.  VTrans is replacing the North Hero-Grand Isle Bridge 8 (Project) on U.S. Route 2.  VTrans has placed two construction-office trailers and a parking area in U.S. 2's right-of-way where U.S. 2 passes through Grand Isle, Vermont.  The Town claims that this brings the Project's trailers and parking under its zoning authority.  VTrans asks this Court to dismiss the action pursuant to V.R.C.P. Rules 12(b)(1) and 12(b)(6).

In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), we take all uncontroverted factual allegations in the complaint as true and construe them in the light most favorable to the nonmovant.  V.R.C.P. 12(b)(1); Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.  With respect to a Rule 12(b)(6) motion for failure to state a claim, we take the factual allegations as true and consider whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief."  Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (quoting Alger v. Dep't of Labor & Indus., 2006 VT 115, ¶ 12, 181 Vt. 309).[1]

---

[1] VTrans argues that this Court lacks subject matter jurisdiction because sovereign immunity exempts the Project from the Town's authority, requiring us to dismiss under Rule 12(b)(1).  We note that there is an open question in Vermont (and nationally) as to whether sovereign immunity gives rise to an issue of subject matter jurisdiction under 12(b)(1) or a failure to state a claim under 12(b)(6).  See Calvin Cohen, Note, How to Assert State Sovereign Immunity Under the Federal Rules of Civil Procedure, 69 Vand. L. Rev. 761, 775-78 (2016).

The parties dispute whether VTrans' sovereign immunity exempts the trailers and parking area from the Town's Zoning Bylaws and Subdivision Regulations (Bylaws). The Town contends that the State has waived immunity through 24 V.S.A. § 4413(a), which permits municipal regulation of specific features of state-owned facilities. VTrans concedes that § 4413(a) allows limited municipal regulation of state buildings, but argues that state highways do not fit within the narrow scope of regulation. It asserts that the Legislature did not waive sovereign immunity in this context, so the Project's trailers and parking remain exempt from the Bylaws.

Lawsuits against the State based on its governmental actions are precluded by sovereign immunity unless the State expressly waives its immunity by statute. Lane v. State, 174 Vt. 219, 222-23 (2002) (citing Denis Bail Bonds, Inc. v. State, 159 Vt. 481, 484-85 (1993)); Jacobs v. State Teachers' Ret. Sys. of Vt., 174 Vt. 404, 408 (2002) (citation omitted) (stating that waiver must be by statute). Similarly, sovereign immunity exempts the State from municipal regulation unless the State submits to municipal control. In re Dep't of Bldgs. & Gen. Servs., 2003 VT 92, ¶¶ 11-13, 176 Vt. 41; Morse v. Vt. Div. of State Bldgs., 136 Vt. 253, 255-56 (1978).

The question of whether the State has waived its immunity by statute is closely related to the municipality's overall statutory authority to regulate. See Morse, 136 Vt. at 255. Vermont is a "Dillon's Rule" state, which means municipalities have "only those powers and functions specifically authorized by the legislature, and such additional functions as may be incident, subordinate or necessary to the exercise thereof." City of Montpelier v. Barnett, 2012 VT 32, ¶ 20, 191 Vt. 441 (quoting Hinesburg Sand & Gravel Co. v. Town of Hinesburg, 135 Vt. 484, 486 (1977)). Functionally, Dillon's Rule operates as a canon of construction requiring that grants of power to municipalities be "unambiguous" and interpreted strictly. Id. at ¶¶ 20-21. As such, when a conflict occurs between state and local units of government, "the municipality must yield." Dep't of Bldgs., 2003 VT 92, ¶ 10 (quoting Morse, 136 Vt. at 255).

The question becomes whether the State has waived its immunity by statute and, in tandem, unambiguously granted municipalities the power to regulate temporary trailers and parking lots supporting a state highway construction project.

The State has indisputably granted municipalities some degree of power over state land development. 24 V.S.A. § 4413(a)(1) provides that "State- or community-owned and operated institutions and facilities" can be regulated by municipalities, but "only with respect to location, size, height, building bulk, yards, courts, setbacks, density of buildings, off-street parking, loading facilities, traffic, noise, lighting, landscaping, and screening requirements." Additionally,

---

The Vermont Supreme Court has not commented on the distinction. The United States Supreme Court and Second Circuit also have not settled the matter. See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (stating that whether sovereign immunity is an issue of subject matter jurisdiction is a question "we have not decided."); see also Woods v. Rondout Valley Cent. Sch. Dist. Bd. Of Educ., 466 F.3d 232, 237-39 (2d Cir. 2006) (discussing ambiguity in federal law's treatment of sovereign immunity).

In Vermont, the State has asserted sovereign immunity under both Rules 12(b)(1) and 12(b)(6). See Patch's Petroleum, Co. Inc. v. Exxon Corp., No. S0062-01-RcC, slip op. at 1 (Vt. Super. Ct. Feb. 22, 2006) (involving 12(b)(1) motion); Powers v. Office of Child Support, 173 Vt. 390, 395-97 (2002) (involving 12(b)(6) motion). Though Rule 12(b)(6) seems to be the more common approach by far, the Vermont Supreme Court has referred to sovereign immunity as a jurisdictional issue. See, e.g., City of S. Burlington v. Dep't of Corr., 171 Vt. 587, 590-91 (2000).

Therefore, we acknowledge the open question, but treat VTrans' sovereign immunity as it was presented in the 12(b)(1) motion. Further, this distinction is not crucial to the pending motion because we do not go outside of the pleadings to reach our decision. Conley v. Crisafulli, 2010 VT 38, ¶ 3, 188 Vt. 11 (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)) (noting this as a distinction between 12(b)(1) and 12(b)(6) motions).

municipal regulation of these features cannot "have the effect of interfering with the intended functional use." Id.

As a general matter, § 4413(a) is the only relevant means by which municipalities can regulate state institutions or facilities. See Dep't of Bldgs., 2003 VT 92, ¶ 5; Vt. Div. of State Bldgs. v. Town of Castleton Bd. Of Adjustment, 138 Vt. 250, 257-58 (1980). Therefore, we must determine whether trailers and a parking area incidental to a state highway construction project qualify as state-owned institutions or facilities as set forth in § 4413(a)(1)(A).

Our primary goal in interpreting statutes is to discern and give effect to the Legislature's intent. State v. Ben-Mont Corp., 163 Vt. 53, 57 (1994). We begin with the plain and ordinary meaning of the statutory language. Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 14, 177 Vt. 287. We also determine intent "from a consideration of not only the particular statutory language, but from the entire enactment, its reason, purpose and consequences." Delta Psi Fraternity v. City of Burlington, 2008 VT 129, ¶ 7, 185 Vt. 129 (quotation omitted). We avoid interpretations that produce unreasonable, unintended, or absurd results. Id. (quoting Town School Dist. of St. Johnsbury v. Town School Dist. of Topsham, 122 Vt. 268, 271 (1961)).

This is a question of first impression. The Vermont Supreme Court has considered municipal regulation of state facilities under § 4413(a), and the former § 4409(a), but only in the context of conditions imposed by towns on completed State projects, not on the structures or means used by the State in the construction process. See, e.g., Town of Castleton Bd. of Adjustment, 138 Vt. 250 (upholding town's setback requirements for state housing building); Morse, 136 Vt. 253 (rejecting town's regulation of sewer construction as part of state treatment facility); Dep't of Bldgs., 2003 VT 92 (narrowing municipal conditions imposed on expansion of state garage).

Cases before this Court have followed a similar vein. See, e.g., In re State of Vt. Agency of Transp. (Caledonia Cnty. State Airport), No. 188-10-04 Vtec, slip op. at 2-6 (Vt. Envtl. Ct. Feb. 9, 2006) (Wright, J.) (considering town regulation of airport beacons under § 4413(a)); Mt. Mansfield UHS Event Board Permit, No. 126-9-13 Vtec, slip op. at 2-3 (Vt. Super. Ct. Envtl. Div. Apr. 29, 2014) (Walsh, J.) (subjecting high school's LED event sign to municipal regulation). This Court has construed the term "facility" in § 4413(a)(1)(A) to include a former railroad right-of-way opened by the State for vehicular use, but this again involved the end product of land development, not the construction itself. In re Wildlife, No. 30-2-04 Vtec, slip op. at 6-8 (Vt. Envtl. Ct. Jan. 31, 2005) (Wright, J.); see also In re Town of Charlotte Recreational Trail, Nos. 98-5-08 Vtec, 58-4-10 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Feb. 14, 2011) (Durkin, J.) (interpreting the term "facility" to include an outdoor recreational trail). No Vermont court has interpreted § 4413(a) in the context of temporary structures or parking on State construction sites.

Additionally, the statutes regulating VTrans and highways indicate that the Legislature intended the agency to retain control over state highway construction. Primary among these are the statutes in Title 19 of the V.S.A., which provide VTrans with broad power over the planning, construction, and maintenance of highways and transportation-related facilities.

19 V.S.A. § 1(18) defines "State highways" as those "maintained exclusively by the agency of transportation." Section 10(4) requires VTrans to "[c]ause necessary surveys, maps, plans, specifications, and estimates to be made for the improvement, construction, and maintenance of transportation facilities." Vermont courts have dealt with a number of specific construction standards and methods established by VTrans in accordance with this mandate. See Lane Const.

3

Corp. v. State, 128 Vt. 421, 425-27 (1970) (standards for water quality protection on construction sites); Brisson Stone, LLC v. Town of Monkton, 2016 VT 15, ¶ 22, 201 Vt. 286 (acceptable pavement materials); Luck Bros., Inc. v. Agency of Transp., 2014 VT 59, ¶¶ 3-4, 196 Vt. 584 (dispute resolution mechanism between state and contractor).

Title 19 contains additional indications that the Legislature intended state highway construction to remain in the hands of VTrans. Section 10(1) endows VTrans with "broad discretion to award highway-construction contracts 'on terms as it deems to be in the best interest of the state.'" Hinesburg Sand & Gravel Co., Inc. v. State, 166 Vt. 337, 339 (1997) (quoting 19 V.S.A. § 10(1)). When VTrans enters construction or maintenance contracts on behalf of a municipality for work on a town highway, 19 V.S.A. § 309(b) dictates that "[a]ll work shall be done to the satisfaction of and in accordance with the requirements of the agency." Further, VTrans is responsible for the construction of highways involving federal aid. See 19 V.S.A. § 1509. In keeping with this, any municipal project for which VTrans approves federal funding must be "under [VTrans'] oversight in accordance with federal laws and regulations . . . ." 19 V.S.A. § 10c(e). Thus, for any contracted or federally-funded highway project in Vermont, VTrans requirements, or federal requirements administered by VTrans, dictate the mode and manner of construction.

These provisions reflect a broad delegation of power over the construction of state highways. Here, the Town is attempting to regulate a VTrans construction site. Under Dillon's Rule, we construe § 4413(a) strictly to limit the Town's powers relative to the State.[2] Dep't of Bldgs., 2003 VT 92, ¶ 10. We conclude that the Legislature has not unambiguously empowered the Town to regulate state highway construction sites or the temporary structures on them. See Barnett, 2012 VT 32, ¶ 21 (emphasizing that grant of power to municipality must be "unambiguous"). On-site trailers and parking might be used in the construction of a state-owned and operated institution or facility under § 4413(a), but they do not fall under that provision themselves.[3] The Legislature has not waived immunity through § 4413(a) in this context.

Considering VTrans' broad statutory mandate and the limited scope of § 4413(a), we conclude that the Legislature intended that VTrans retain control over state highway

---

[2] In addition, we cannot identify a limiting principle in the Town's position. To subject VTrans to municipal regulation of the trailers and parking lot here is to subject them to the diverse zoning requirements of the many towns a larger-scale highway project would implicate, with the associated administrative burden and delay. We decline to interpret § 4413(a) to produce this result without express Legislative authorization.

[3] The Town points out that transmission lines and associated structures are not subject to municipal regulation under § 4413(a) because of an express exemption in the statute. See 24 V.S.A. § 4413(b). The Town argues that because the Legislature did not also expressly exempt highways and the structures associated with them, § 4413(a) applies. We disagree. Transmission lines and substations are final, lasting structures. Temporary structures supporting highway construction are outside of § 4413(a)(1)(A) in the first place, so express exemption is not required.

4

construction sites.  The Town cannot regulate the trailers and parking area supporting the Project's construction through § 4413(a).  Accordingly, we **GRANT** VTrans' motion to dismiss.[4]

So ordered.

Electronically signed on December 20, 2018 at 10:51 AM pursuant to V.R.E.F. 7(d).

*Tom Walsh*

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
John H. Klesch (ERN 2043), Attorney for Plaintiff Town of Grand Isle
Toni Clithero (ERN 4050), Attorney for Defendant Agency of Trans. State of Vermont

---

[4] Because we decide this motion on the basis of sovereign immunity and Dillon's Rule, we do not reach VTrans' other arguments that the Town's Bylaws do not provide for the regulation of highways and any Town regulation would have the impermissible effect "of interfering with the intended functional use" of the trailers and highway under § 4413(a)(1).

5